## W. O. ELLIS v. T. J. GARVEY ET AL.

### No. 2883.

**1. Objections to Testimony—Practice.**—On appeal, only objections to testimony shown by the record to have been acted upon by the trial court will be revised.

**2. Same.**—See example where a letter from a cashier to the president of a bank was held not to be subject to the objection made to it, and its admission not error, although it was subject to other valid objections. Such other objections are considered as waived.

APPEAL from Wharton. Tried below before Hon. Wm. H. Burkhart. The opinion discloses the case.

*Brady & Ring,* for appellant. — 1. The letter was not admissible under any circumstances. [See opinion.]

Hearsay testimony. 1 Greenl. Ev., sec. 9.

Admissions of agent. 1 Greenl. Ev., sec. 113; Lacoste v. Bexar County, 28 Texas, 420; Bingham v. Carr, 21 Texas, 142.

2. The letter was calculated to influence the jury to the prejudice of the plaintiff, and the error complained of was material, because there was evidence sufficient to support a verdict for either party, and under such circumstances the illegal admission of any evidence which may have had the effect of turning the scale is reversible error. Dewees v. Bluntzer, 70 Texas, 406; Ross v. Kornrumpf, 64 Texas, 390; Evans v. Pigg, 28 Texas, 593.

*Parker & Pearson,* for appellees.—The admission of appellant's own

trusted agent and manager of his bank, that the books of the bank were in bad condition, in answer to appellant demanding a balance sheet, was legitimate evidence.

GAINES, ASSOCIATE JUSTICE.—On the 13th day of June, 1887, T. J. Garvey, then sheriff of Fort Bend County, caused appellant, a banker in Richmond, to transmit to Austin the sum of $1700. At the time of the transaction Garvey's deputy deposited on his account a sum of money in appellant's bank, the amount of which is the subject of controversy in this suit. Appellant claimed in the court below that the sum deposited was only $509.65, while on the other hand appellee contended that it was $1700—the entire amount to be transmitted. This was the question to be determined by the verdict of the jury.

Dr. Weston testified that he had charge of the bank at the time of the transaction, and that the money was paid to him; that he counted part of the money and his assistant counted the balance; that he did not recollect the amount from memory alone, but that the books of the bank showed that it was $509.65, and that if this had not been correct he would have discovered the error when he counted the cash. His assistant testified that he counted the money when it was deposited and that it amounted only to $509.65. The deputy testified as positively that the amount of the deposit was $1700, and he was in some degree corroborated by another witness. About the 10th of October, 1887, Weston quit the bank and one Hawkes became bookkeeper. Hawkes remained until the 8th of November following. Appellant introduced testimony tending to show that during the time Weston had charge the deposits were correctly credited on the books. Garvey's account on the books showed a credit on the 13th of June, 1887, of $509.65 and a debit of $1700 "remitted to Austin."

Such being the state of the testimony, appellees were permitted to read to the jury, over the objections of appellant, a letter addressed by Hawkes to appellant, of which the following is a copy:

"RICHMOND, TEXAS, November 4, 1889.

"*Mr. Ellis*—Replying to yours this a. m., relative to balance sheet. I am glad you are coming up to-morrow so I can explain why it has not been made out. To make out a balance sheet that will be anywhere near correct is simply impossible. Money has been deposited and no memorandum of it made anywhere on books (gathered this information from depositors' books); money has been paid out that was not duly charged; all this I will fully explain to you. I have been looking for you all the week and suggest you come up prepared to spend a full day. * * *

[Signed]        "HAWKES."

The grounds of objection as they appear in the bill of exceptions are as follows: "Because the letter was written nearly a month after he (Hawkes) had been in charge of the books and employment of Ellis &

·Co., and just as he was leaving, and because it was in proof that Hawkes was short $1338, and was calculated to mislead the jury, and make them believe that his predecessor was short."

It was not urged that the evidence was inadmissible because it was the declaration of one not a party to the suit, and that question, if it be a question, was waived.    We are of the opinion that the grounds of objection insisted on in the court below were not well taken.    The bank was opened on the 23d of May, 1887, but a little more than five months before the letter was written.    The statements contained in the letter tended to show that the books had not been correctly kept, and that money had been deposited which had not been credited.    The fact that Hawkes had been in the employment of the bank nearly a month rendered it only the more probable that he had discovered errors in the accounts of depositors.    If it had been insisted that the letter should not be admitted be·cause it did not appear that the statements were made with reference to the books at the time Weston had charge, the objection would have been ·entitled to grave consideration.    It is probable, however, that if this had been done, appellees would have proved by appellant himself that West·on's books were meant.    If it had been urged that the evidence was in.admissible because they were the declarations of a third party, then the fact that it was not against Hawkes' interest would have supported the objection.

The ruling of the court upon the admission in testimony of the letter is the only question presented in the brief, and there being no error in that ruling, the judgment is affirmed.

*Affirmed.*

Delivered March 7, 1890.