HOUSTON & TEXAS CENTRAL RAILWAY COMPANY v. J. C. McCULLOUGH.

Decided November 25, 1899.

1. Damages—Diminished Capacity to Earn Money—Charge.

In an action by a mail clerk against a railway company for personal injuries, wherein plaintiff testified that he contemplated quitting the mail service to practice medicine, it was not error for the court to refuse to charge the jury that they would not be warranted in allowing plaintiff damages for any amount of money that might have been earned by him in the mail service business subsequent to the time he intended to leave it, since he was entitled to recover for his incapacity to earn money in any avocation he might pursue in the future.

2. Railway Company—Mail Clerk Is a Passenger.

A clerk in the mail car of a railway train is a passenger, and is entitled to the care incumbent on the carrier as such.

3. Same—Negligence—Coupling Cars—Notice.

Where cars were equipped with springs that were new and stiff and therefore required unusual force to be used in coupling them, a railway mail clerk, at work in his car while the train was being made up, was not chargeable with negligence in not having anticipated and guarded against the unusual force of the shock in making a coupling, he not having been notified that more than ordinary force would be requisite.

APPEAL from Grayson. Tried below before Hon. DON A. BLISS.

*Head, Dillard & Muse,* for appellant.

*J. T. Suggs* and *C. B. Randell,* for appellees.

RAINEY, ASSOCIATE JUSTICE.—Appellee, plaintiff below, instituted this suit to recover of defendant damages for personal injuries alleged to have been inflicted upon him by the negligence of defendant's employes.

The facts are, that on the 16th day of August, 1897, plaintiff was engaged in the railway mail service, and at the time of his injury was in a mail car in defendant's yard in Houston, distributing mail. The employes were making up the train preparatory to pulling out. In making a coupling the engine drove a car against the mail car in which plaintiff was at work with such force as to throw plaintiff, who was standing, astride the corner of a table by which he was severely injured.

The first assigned error is, that "the court erred in refusing to give the first special charge asked by defendant, for if the jury believed from the evidence that plaintiff contemplated leaving the railway service they would not be warranted in allowing him any damages for any amount of money that might have been earned in that business subsequent to the time he intended to leave it." The evidence tended to show that plaintiff was preparing himself for the practice of medicine, and he made some statements that indicated he would at some future time leave the mail service, but at what time was not stated or indicated. The court charged the jury, among other things, on the measure of damages, that they might consider "any decrease in his capacity to labor and earn money in the future that you may believe from the evidence was caused by said injury." This charge was proper and all that was necessary under the evidence. The special charge asked called the attention of the jury to a particular phase of the evidence, and was calculated to lead them to believe that they should confine their consideration of plaintiff's capacity to earn money to the time he should remain in the mail service, when he was entitled to recover, if at all, for his incapacity to earn money in any avocation he might pursue in the future. There was no error in refusing the special charge requested.

The appellant complains of the court in its second assignment of error for not giving a special charge asked relating to contributory negligence. The court gave a charge on this phase of the case which was correct and sufficiently full. Therefore no error was committed in refusing the special charge requested.

The giving of the fifth paragraph of the court's general charge and the refusal to give the third and fourth requested instructions are assigned as error. The paragraph of the court's charge complained of is as follows: "It was plaintiff's duty to exercise the same degree of care and prudence for his own safety that a man of ordinary care would exercise under the circumstances. Therefore, if you believe from the evi-

dence that plaintiff was making up the mail at Houston while his mail car was being switched, and that he knew, or in the exercise of ordinary care would have known, that the cars were likely to come together hard, and if a man of ordinary prudence would have ceased his work until after the coupling was made, and plaintiff did not cease his work, and because of his failure to do so was injured, find for defendant."

The third and fourth special instructions refused are in substance, that if the jury believe from the evidence that the spring about the coupling apparatus was new and stiff, and the coupling was therefore more difficult to make, and required more force than when not new and stiff, and that such apparatus was such as an ordinary prudent man would have used in the operation of the train, and the force used in making the coupling was no greater than a man of ordinary prudence would have used under the circumstance, then find for defendant. Plaintiff's testimony showed that the shock in making the coupling was greater than usual, while the testimony of defendant's witnesses showed that the spring in the coupling apparatus was new and stiff, and that no greater force was used in making the coupling than was necessary, considering the condition of the spring at that time.

We are of the opinion that the court's charge was, under the facts, sufficiently full, and there was no error in refusing the special charges requested.

At the time of the accident plaintiff was in the mail car, where he properly belonged, and in the discharge of his duties as mail agent. He was a passenger, and entitled to the care incumbent upon the carrier as such. Railway v. Wilson, 76 Texas, 371. Being on the car during the time the crew were making up the train, he assumed the risks of the usual and ordinary shocks and jars incident to coupling the cars, but he did not assume the risk of the shocks and jars that are shown by defendant's witnesses to have been necessary in coupling cars with a new and stiff spring, unless it was shown that the use of new and stiff springs was usual, or that he was notified of such condition at the time he was injured. As far as the evidence shows, the use of such a spring was not common, nor was it of such frequency as to be considered usual and ordinary. There is no evidence indicating that plaintiff was aware that conditions existed which required greater force to be used on that occasion to make couplings than was usual and ordinary in such cases. This being so, to relieve defendant from negligence, if the force was greater, warning should have been given to him of the situation.

The other assignments are without merit. The evidence is sufficient to support the verdict, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.