J. T. BILLUPS v. O. L. COCHRAN ET AL.

Decided April 27, 1910.

**1.—Boundary—Judgment—Sufficiency of Description.**

The test of the sufficiency of a judgment to establish the boundary line between adjoining surveys is, whether an executive officer of the court, charged

with execution of a writ of possession, could, with the assistance of a competent surveyor, find the line by the matter set out in the judgment.

**2.—Same—Artificial Landmarks.**

Though the boundary line as fixed by a judgment could only be ascertained from artificial landmarks (rock mounds at the two corners made by an agent of a former owner), this was sufficient where the location of such landmarks was well known and could be ascertained by inquiry in the neighborhood.

**3.—Practice on Appeal—Sufficiency of Evidence.**

Where there is evidence to support the verdict, the judgment will not ordinarily be reversed because of mere preponderance of evidence against it.

**4.—Boundary—Sufficiency of Evidence.**

Evidence considered and held sufficient to support a judgment fixing the boundary between surveys.

Appeal from the District Court of Runnels County. Tried below before Hon. John W. Goodwin.

*C. F. Dickinson* and *Stone & Wade,* for appellant.—The verdict and judgment do not identify the boundary established. Farnandes v. Schiermann, 55 S. W., 378; Stafford v. King, 30 Texas, 277; Barnett v. Caruth, 22 Texas, 174; Spiva v. Williams, 20 Texas, 442.

Calls for course and distance must yield, if the natural or artificial objects called for can, with reasonable certainty, be found and identified on the ground. Thatcher v. Matthews, 105 S. W., 317; Thaxton v. Wadsworth, 95 S. W., 91; Burge v. Poindexter, 56 S. W., 81; Warden v. Harris, 47 S. W., 837; Stafford v. King, 37 Texas, 257.

*John I. Guion, M. Kleberg, Jr.,* and *M. C. Smith,* for appellee.— Well known and established artificial objects on the ground and in existence, are sufficient to identify the line. Cavitt v. Reed, 55 S. W., 349; Jones v. Andrews, 72 Texas, 5; Roche v. Lovell, 74 Texas, 191; Koenigheim v. Sherwood, 79 Texas, 508.

That a particular line has been acquiesced in is strong evidence that it is the true line. George v. Thomas, 16 Texas, 89; Bolton v. Lann, 16 Texas, 113; Floyd v. Rice, 28 Texas, 343; Lagow v. Glover, 77 Texas, 451.

JENKINS, ASSOCIATE JUSTICE.—This suit, though brought in the form of trespass to try title, by agreement of parties involved but one issue, to wit: the location of the south boundary line of the Wharton County survey No. 509. The appellant, who was plaintiff in the court below, is the owner of the southern part of said survey, and the appellees, defendants below, are the owners of Marshal University survey 511 on the south boundary of said survey 509. From a judgment in favor of appellees, the appellant has appealed and, by appropriate assignments of error, contends:

1. That the judgment is so vague and indefinite that it does not determine the matter at issue. The test submitted by appellant is a correct one in a suit to fix boundary; and that is, could the executive officer of the court execute a writ of possession without

assuming judicial functions? Could he, with the assistance of a competent surveyor, find the line by the matter set out in the judgment? Stafford v. King, 30 Texas, 277; Richardson v. Powell, 83 Texas, 590; James v. James, 81 Texas, 380; Wallace v. Wofford, 26 S. W., 606; Jones v. Andrews, 72 Texas, 17.

The judgment in this case follows the verdict, which is as follows: "We, the jury, find for the defendants and fix and establish the south line of survey No. 509 as follows: Beginning at the rock mound made by C. H. Willingham for the southeast corner of said survey 509. Thence west about 5487 vrs. to the rock mound made by C. H. Willingham for the southwest corner of said survey 509." Could a surveyor from this description run this line as directed in the judgment? If he could find the rocks referred to he would have no difficulty in doing so. That he might have to call upon someone who was familiar with the location of said rocks, or one of them, does not render the judgment vague or uncertain. Had the judgment directed him to begin at a natural object, such as a spring, or an artificial object, such as a marked tree, he might have had great difficulty in finding such objects without the assistance of someone who was acquainted with their locality. The judgment is specific as to where to begin said line and where to end it. We are not to presume that the objects named can not be found and identified. Appellant calls attention to the evidence which indicates that the rock called for as the S. E. corner of survey No. 509 was not placed there by Willingham. The evidence on this point is that some years ago, at the time of appellees' purchase, Judge Willingham was the agent for Wharton County, and employed C. C. F. Blanchard, a surveyor, to run out said land. That they began at the N. E. corner of said survey, which is a well recognized corner, and ran thence south the distance called for the south line of said survey. As the survey is in the shape of an ell, the south line at this point would not be the S. E. corner of said survey. When they had run the proper distance south for said line, as indicated by the field notes, they found themselves some distance north of a fence, supposed to be on the north line of survey No. 511, which, as we have stated, joins 509 on the south. They extended their line on to this fence and ran thence about the distance for the S. E. corner of 509, and found a large stone mound there, which they assumed to be the S. E. corner of survey 509. From said point of intersection with said fence, they ran west the proper distance for the S. W. corner of 509, and there made a rock mound for said S. W. corner. The evidence of several surveyors who testified in this case, as well as that of a half dozen other witnesses, indicate that these stone mounds are known as the Willingham corners; that their locations are well known, and that nobody is likely to make any mistake in identifying them. It at least appears that Willingham did make the mound for the S. W. corner, and there would be no difficulty in locating the line as found by the jury, by beginning at this corner and reversing the calls.

Appellant insists that we should reverse this case because the verdict is not sustained by the evidence. What appellant evidently

means, as shown by the argument of his counsel in their able brief filed herein, is that the verdict is against the preponderance of evidence. This may be true, and yet we would not be justified in reversing the case, if there is sufficient evidence to sustain the verdict, without reference to the quantum, or strength of the evidence on the other side. We think there is sufficient evidence shown in the record to sustain the verdict. The field notes of survey No. 509 call to begin at its N. E. corner and to run thence south 6286 vrs.; thence east 3800 vrs.; thence south 1240 vrs.; thence west 5487 vrs.; thence N. 15 W., 7791 vrs.; thence east 3704 vrs. to the beginning. The field notes of survey No. 511 call to begin at the S. W. corner of 509; thence east 2544 vrs.; thence south 2898 vrs.; thence west 1768 vrs.; thence N. 15 W. 3000 vrs. to the beginning. The strength of appellant's case lies in the supposed identification of the second corner of survey 509 at a point about 714 vrs. further south than the field notes of the first line running south call for it to be. The strength of the appellees' case lies in the supposed identification of the S. E. corner of survey 511. The evidence is ample to sustain appellant's contention as to the location of the second or interior corner of survey 509, had the jury found in his favor. The court affirmatively submitted this issue to the jury in the following language: "If from the evidence you believe that the point or place testified to by the witness Dickinson, and from which he ran as the inner corner of survey 509, is the corner of said survey 509 as located by the surveyor who originally located said survey, then you should adopt said place as a corner of said survey . . . and you will construct said survey 509 from such corners, if any (meaning the N. E. corner about which there is no dispute and said interior corner), according to the calls in the grant." As the jury rejected this corner, it is not worth while for us to discuss the testimony as to said interior corner.

The following is the substance of the evidence relative to the location and identification of the S. E. corner of survey No. 511: This corner, by the calls in its field notes, should be fifty-eight varas south of a branch, and its south line should cross this branch at twenty-seven varas. Surveyors Williams and Miller testified that the corner as claimed by the appellees corresponded to these calls, and they were corroborated in this by the surveyor Powell, a witness for appellants, who did not survey from this corner, but went to it and stepped to at least one of the branches. The field notes call for a leaning mesquite as a bearing tree at this corner. Powell did not make any test for the bearing tree, but Williams and Miller did, and say that they found a leaning mesquite stump at the proper course and distance. It was also shown that this was generally reputed to be the S. E. corner of survey 511. Taking this for the S. E. corner of survey 511, the line as fixed by the verdict of the jury gives survey 511 an excess of seven varas in a line 2898 varas long, and it also gives survey 509 an excess of about 400 varas. It would seem that the owners of survey 509 would have no reason to complain of this apportionment of the excess.

The evidence being sufficient to sustain the verdict and judgment,

and, finding no error in the record, we affirm the judgment of the court below.

*Affirmed*