WATKINS et al. v. HINES. (No. 1515.)

(Court of Civil Appeals of Texas. Amarillo. June 11, 1919.)

1. TRESPASS TO TRY TITLE ⊚⟝27—PARTIES—NECESSARY PARTIES.

Where defendant and another agreed to purchase land, title being taken in defendant's name and it being understood that the third person should have no interest until he had paid for his share, held, that in action of trespass to try title the heirs of such third person who died pending a suit were not necessary parties; it appearing no payments were made.

2. APPEAL AND ERROR ⊚⟝231(5)—OBJECTIONS—WAIVER.

Where there was no objection that evidence which was otherwise admissible was secondary evidence, the erroneous exclusion of such evidence on insufficient objections cannot be justified in the appellate court on the ground that it was secondary evidence.

3. BOUNDARIES ⊚⟝35(1)—EVIDENCE—ADMISSIBILITY.

In trespass to try title, where the question was one solely of disputed boundary, evidence of the contents of a letter written to plaintiff's predecessor, relating to a survey to locate the

boundary, held improperly excluded upon objections that plaintiff's predecessor had testified and that the evidence was not offered in impeachment.

4. TRIAL ⊚⟝352(4) — SPECIAL ISSUE — ISSUES NOT MADE BY PLEADINGS OR EVIDENCE.

In trespass to try title, where the question was one of disputed boundaries and the issue for determination was as to the construction of the fence on an agreed line and the establishment of a boundary line by acquiescence, the submission of a special issue as to whether fence was upon the original division line held error.

5. TRIAL ⊚⟝349(4)—INSTRUCTIONS—SPECIAL ISSUE.

In submitting a case upon special issues it is proper for the court to give all necessary definitions and explanations, but not to charge generally on the law of the case.

6. BOUNDARIES ⊚⟝43—ACTION—JUDGMENT.

In trespass to try title, where the question was one of disputed boundary, where the location of a fence was established by the evidence, judgment fixing the boundary at a certain number of varas south of the fence is not open to attack on the ground that it did not define the boundary line by objects on the ground.

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Trespass to try title by Ralph Hines against J. A. Watkins and also B. F. Taylor, as to whom plaintiff dismissed. From a judgment for plaintiff, the first named defendant appeals. Reversed and remanded.

W. E. Fitzgerald, of Wichita Falls, for appellant.

T. R. Boone, of Wichita Falls, for appellee.

HALL, J. This is a suit brought in the form of trespass to try title to determine the boundary line between certain lands owned by Ralph Hines, plaintiff below, and other lands owned by appellant, J. A. Watkins. B. F. Taylor was made a party by the original petition, but subsequently plaintiff dismissed as to him. Appellant, Watkins, answered by general demurrer, plea of not guilty, and specially set up the statutes of limitation of three and five years. It is further specially pleaded that plaintiff's vendor and defendants' vendor entered into an agreement December 1, 1907, whereby they established the boundary line between their respective tracts of land and under said agreement erected a fence upon said line, which line has been recognized by the owners of said land and premises ever since as the true boundary line, and that plaintiff is estopped from setting up any claim to any portion of the land within the defendants' inclosure and south of said boundary line so established. It is further alleged that plaintiff is estopped because of the long acquiescence of himself and his vendors and the expenditure of money by defendants to erect the division fence on

the said line. By supplemental petition plaintiff alleges that if it be true, as alleged by defendants, that a boundary line was established by the respective vendors of plaintiff and defendants, defendants are estopped from claiming said fence as their boundary line, because about the 1st of November, 1914, with full knowledge of all the facts, defendants represented to plaintiff that they had a part of his land under fence inclosed in their pasture; that they did not want it, but desired to establish the true and correct boundary line, and requested that plaintiff go in with them and have a survey of the two tracts made and that all parties agreed to be bound by the line so established by the county surveyor; that he accepted the offer and in accordance with the agreement obligated himself to pay his pro rata share of the surveying expenses; that in accordance with said agreement the true boundary line of the plaintiff's land was established by the surveyor; and that plaintiff paid his pro rata part of said expense in the sum of $5, which he would not have paid had not defendants agreed to be bound by the line established by the county surveyor at that time. The case was submitted to a jury upon special issues which, with the answers, resulted in finding that the fence which the defendants claim to be the division line is not the original division line; that Mrs. Skinner, the vendor of plaintiff, Hines, did not authorize W. D. Ogden to act as her agent in establishing and fixing the boundary line between her land and the land owned by defendants, which was at that time owned by one Murphy; that the said Ogden did not, as the agent of Mrs. Skinner, enter into any agreement with Murphy that the true boundary line was where the fence was erected; that Mrs. Skinner did not agree with Murphy that the fence stood upon the boundary line; that plaintiff, Hines, and defendant Watkins did not agree that the boundary line should be where the county surveyor should establish it, and that neither plaintiff Hines, nor his vendors knew, prior to the purchase by J. A. Watkins, that a line had been attempted to be established, and had not, with knowledge of any such facts, acquiesced in the use of the fence as the agreed boundary line, and had not induced Watkins to buy, relying upon the fact that the fence was such boundary.

[1] From a judgment for plaintiff establishing the boundary in accordance with his contention, appellant, Watkins, appeals and assigns as error, first, that the court erred in permitting plaintiff to go to trial after he had dismissed as to B. F. Taylor, who, it seems, had died since the institution of the suit. It is insisted under this assignment that the widow and children of Taylor should have been made parties defendant. It appears from the evidence that there was some sort of an agreement between Watkins and Taylor that they should buy the land together, but it further appears that the deed was made to Watkins, who paid $800 cash at the time of its execution; that Taylor never paid anything, and that under the agreement Taylor would not have an interest until his money was paid; that since the death of Taylor his heirs had not requested that the land be conveyed to them. Under these facts the wife and children of Taylor were neither necessary nor proper parties.

[2,3] By the second assignment it is insisted that the court erred in not permitting the defendant Watkins to prove by the witness Ogden that at the time Murphy surveyed and established the boundary line between the two tracts of land then owned by him and Mrs. Skinner, respectively, that he (Ogden) wrote Mrs. Skinner, informing her that the proposed division line would be 100 yards or more north of the old turn row. This testimony was objected to because (1) Mrs. Skinner's testimony had been taken in the case, and (2) because the evidence was not offered for the purpose of impeaching Mrs. Skinner. This testimony was material because it bore directly upon the principal issue in the case, and should not have been excluded upon the objections made. In his brief, appellee insists that the court did not err in excluding it because it was not the best evidence of the fact sought to be established; that the absence of the letter itself was not accounted for, and the evidence was cumulative. These objections were not made at the time the testimony was offered and are, of course, waived. The rule is that objections not made in the court below and considered by the trial judge cannot be urged here. If it had been objected that the evidence was secondary, the proper predicate might have been laid for the introduction of the proof of the contents of a letter by parol. Ellis v. Garvey, 76 Tex. 371, 13 S. W. 320; Ft. Worth & Denver City Ry. Co. v. Wright, 27 Tex. Civ. App. 198, 64 S. W. 1002. The evidence was not cumulative, and if objected to upon that ground the objection should have been overruled.

[4] The third assignment attacks the court's action in submitting the first special issue, which is:

"Is the fence (which the defendant claims as the division fence between the defendant's and plaintiff's land) the original division line between the land of the plaintiff, Hines, and the defendant Watkins?"

This assignment must also be sustained. The location of the original line or true line between the surveys was not made an issue by either the pleadings or the evidence. The issue to be determined was as to the construction of the fence upon an agreed line and the establishment of a boundary line by acquiescence.

By the fourth and eighth assignments appellant insists that the court erred in not submitting his special issue as to whether there had been an agreement between Mur-

phy and Mrs. Skinner with reference to the division line. This issue was squarely submitted by the court and, of course, should not have been repeated. Since it was contended that Ogden, as the agent of Mrs. Skinner, had agreed with Murphy, the vendor of Watkins, with reference to the line, it was also proper for that issue to be submitted. The question of Ogden's authority to represent Mrs. Skinner in agreeing with Murphy was also properly submitted.

The sixth and eleventh assignments are urged by appellant, it seems, under a mistaken impression as to the real purport of the sixth special issue submitted. As we understand that question, if answered in appellant's favor it would have had the effect of binding plaintiff by the acquiescence of his vendors, as well as any acquiescence shown upon his part, and, as submitted, we think is proper.

[5] Under the seventh assignment it is insisted that the court erred in not instructing the jury as to the legal effect of an agreement by adjacent landowners as to the division line between their respective tracts. If this charge had been given, it might have cured the error committed by the court in submitting the first issue with reference to the original boundary; but since the submission of such issue was error, upon another trial we think the court should not charge upon the law as to agreed boundaries. In submitting a case upon special issues it is proper for the court to give all necessary definitions and explanations, but not to charge generally upon the law of the case.

[6] It is insisted under the twelfth and thirteenth assignments that the judgment does not define the boundary line by objects upon the ground, which should always be done in judgments rendered in boundary suits. By reference to the judgment entry we find that the court has fixed the boundary a certain number of varas south of the fence. The location of the fence having been established by the evidence, its existence as constructed is, we think, such an object as will meet the requirements and enable the officer executing the judgment to place each party in possession of the land adjudged to him by the court.

For the errors pointed out the judgment is reversed and the cause remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes