## WHITMORE v. McNALLY et al.

No. 3613.

Court of Civil Appeals of Texas. Amarillo.
May 13, 1931.

Rehearing Denied June 10, 1931.

634

C. D. Russell and Joiner & Cook, all of Plainview, for appellant.

L. G. Mathews and Jeff D. Ayres, both of Floydada, and G. E. Hamilton, of Matador, for appellees.

HALL, C. J.

This is an action of trespass to try title instituted by appellant Whitmore against Mrs. McNally, R. M. Bruns and wife, and K. Sammann, to recover the title and possession of the N. E. ¼ of survey No. 126, block D–2, lying in Floyd county.

The defendant Sammann answered, disclaiming as to the land sued for, except a small portion lying within his enclosure. He alleges that he was holding the east half of survey 7, block M–14, as tenant for his codefendants.

The other defendants disclaimed, except as to a narrow strip of land lying between the holdings of the respective parties. As to this strip, defendants pleaded not guilty and various other defenses, including estoppel, agreed line, and limitations.

The only issues submitted to the jury were as follows:

(1) "Was the S. W. corner of Survey 7, Block M–14, marked on the ground by the original surveyor, J. Summerfield, at the time the original field notes of said survey were made by said surveyor? Answered: Yes."

(2) "Can the original location of the mound, if any, at the S. W. corner of Section 7, Block M–14, be determined by you from the evidence in this case so as to identify the place on the ground at this time and if it can be so located, state what mound marks the same. Answered: Yes, by going south 100 feet from the N. W. corner of K. Sammann's father present enclosure."

(3) "Was the S. E. corner of Survey No. 7, Block M–14, marked on the ground by the original surveyor, J. Summerfield, at the time the original field notes were made by said surveyor? Answered: Yes."

(4) "Can the original location of the mound, if any, at the S. E. corner of Section 7, Block M–14, be determined by you from the evidence in this case so as to identify the place on the ground at this time and if it can be so located, state what now marks the same. Answered: Yes, by going about 10 feet east and 10 feet south from the wagon spindle."

From a judgment entered for appellees, this appeal is prosecuted.

■ The defendants failed to request any issues upon their special defenses of limitation, estoppel, and agreed line. These defenses, therefore, must be held to have been waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

It is clear from the record that the case is one to establish the boundary between the lands owned by the respective parties. Having abandoned all of the defenses except the general denial and plea of not guilty, plaintiff was required to prove only such title as

entitled him to a judgment for the lands described in his petition as against the general issue and plea of not guilty. This being the condition of the record, the only inquiry is as to the true boundary line between the N. E. ¼ of survey No. 26, block D–2, and the East ½ of survey 7, block M–14, and the rights of the parties must be determined by the location of that line upon the ground.

The first contention is that the record shows fundamental error in that the second and fourth answers of the jury are not responsive to said issues, in that the jury failed to state what, if anything, now marks the S. W. and S. E. corners of said survey 7.

In answering these questions, the jury said the S. W. corner of section 7 could be located by going south 100 feet from the N. W. corner of K. Sammann's father's present inclosure and they located the S. E. corner of survey 7 "by going about 10 feet east and 10 feet south from the wagon spindle."

These answers are objectionable and insufficient upon several grounds. They are not responsive to the issues, and they can furnish no basis for a judgment fixing the boundary. There is nothing in the pleadings of either party referring either to the northwest corner of K. Sammann's father's inclosure or to the wagon spindle. The judgment of the court sets out the charge, the answers of the jury to the issues, and then recites: "It is therefore ordered, adjudged and decreed by the Court that the said plaintiff S. F. Whitmore, take nothing by his suit herein and that the defendants Mary R. McNally, R. Martin Bruns, Mary M. Bruns, and K. Sammann, recover of plaintiff their costs in this behalf expended."

The judgment nowhere fixes the line upon the ground by any object, corner, or monument set out in the pleadings. A judgment in a boundary case should follow the pleadings and must conform to the verdict, and if there is nothing in the verdict to locate the boundary, the judgment cannot do so. It is a fundamental rule in boundary cases that the verdict and judgment should definitely fix and establish the location of the line in dispute, and ordinarily should do so with reference to some known object concerning the identity and location of which there is no controversy. "The test of the sufficiency is as to whether the judgment so identifies the land that an officer charged with the duty of executing a writ of possession could go upon the ground and without exercising judicial functions, ascertain the locality of the line. That is, where the officer could, with the assistance of a competent surveyor, find the line by the matter set out in the judgment." Jones v. Andrews, 72 Tex. 5, 9 S. W. 170; Watkins v. Hines (Tex. Civ. App.) 214 S. W. 663; Billups v. Cochran, 60 Tex. Civ. App. 473, 127 S. W. 1121; Collins v. Powell (Tex. Civ. App.) 268 S. W. 1031; Anderson v. Corbett (Tex. Civ. App.) 287 S. W. 66; 7 Tex. Jur. 258.

It is true that by referring to the evidence, an officer might execute his writ of possession, but the rule is that in rendering a judgment, the evidence cannot be referred to in aid of the verdict. The court can look alone to the pleadings, and the officer is subject to the same limitation. Burnett v. Harrington, 58 Tex. 359, 363; Brient v. Bruce, 5 Tex. Civ. App. 580, 24 S. W. 35.

The verdict being insufficient, without reference to the evidence, it follows that the judgment is also defective. The defect is fatal in that it does not dispose of the issue of boundary between the parties. This will require a reversal.

In view of another trial, it is proper for us to briefly refer to further contentions made by the appellant. Because, as shown by the record, the defendants abandoned all defenses except the issue of the true line as fixed by the footsteps of the original surveyor, the testimony of the witnesses K. Sammann and Boswell are foreign to the issues presented here. The evidence of Boswell, to the effect that in 1909 he found a mound and four small pits at what he supposed to be the southwest corner of section 7, is of no probative force because the field notes of that survey do not call for such artificial objects. There is nothing in the record which tends to show that the original surveyor, Summerfield, marked the corners of this section with a mound and four pits. The field notes call for a mound at each corner. The appellant insists that the work done by Summerfield in locating blocks M–14 and D–2 are nothing more than office surveys. The evidence bearing upon that issue comes principally from surveyor Williams, who says that he has reviewed and traced Summerfield's work for about twenty years and never found but one mound. The evidence further shows in relation to this issue that all of the field notes of block M, consisting of thirteen surveys, are dated March 7, 1878; that 29 of the surveys in block D–2 are dated March 22, 1878, and 22 of the surveys therein are dated March 24, 1878. That all of the other surveys, 60 in number, were dated June 1, 1878, and the calls for each survey are for a mound at every corner. Williams testified as an expert surveyor that no more than ten mounds could be made in one day and from this evidence we are asked to hold, as a matter of law, that Summerfield's work is shown to be office surveys. We incline to the opinion that under this testimony, that would be an issue of fact for the jury. Of course, if they are office surveys and the issues of estoppel, agreed line, and limitation, are abandoned, the corners of the two surveys in question could only be located on the ground by course and distance

from some well known and established corner.

The ground set up for motion for new trial was that, by obtaining other testimony, appellant could strengthen his case upon the issue of office surveys. Since that issue cannot arise upon another trial, it is unnecessary for us to discuss it.

For the reasons stated, the judgment is reversed, and the cause remanded.