**MATRIMONIAL MUT. ASS'N OF TEXAS et al. v. RUTHERFORD.**

**No. 1068.**

Court of Civil Appeals of Texas. Waco.
June 11, 1931.

Rehearing Denied Sept. 17, 1931.

tion; that he was the manager and owner thereof; that no one else had any interest in the company; that they were doing business ·as a partnership, and that he and his wife were running it; that he personally bought out his partners' interest; that, of the $1.25 paid by each certificate holder on each assessment, he received 25 cents for his part and that $1 thereof was used to pay the claims of the beneficiaries; that on May 6, 1930, he sold the association and all of its assets to M. L. Chandler, Jr., who assumed all of its liability.

The purpose of the association was to provide for the payment of a certain sum of money upon his marriage to each person who took out a certificate of membership. The general plan being that for $15 the association issued certificates of membership to those applying for same. Said certificate provided that, when any member married, each other member would pay $1.25, $1 thereof going into a fund to pay the amount due on the certificate and 25 cents to the owners of the association. The certificate stated that the association would pay to each member who married after he had been a member three months and before six months $250, and after six months and before nine months $500, and after nine months and before one year $750, and after one year $1,000. The certificates further provided that no member would be liable for more than $1.25 when any member married, and that the association would not be liable to any certificate holder for more than the amount actually collected on the specific call for each certificate holder. The constitution and by-laws were made a part of the contract, and they provided, when any member married, he should file proof thereof with the officers of the association who should levy an assessment against the certificate holders for $1.25, and that all money received from any call not used to pay same should be put in a reserve fund out of which matured certificates could be paid, so that one call would pay for four claims if the certificate holder had not been a member more than six months or two claims if they had not been a member for more than nine months at the time they married.

In 1929, appellee took two certificates, one for himself and the other for Ludie Mae Gibson. After the certificates had been in effect more than six months, he and Miss Gibson married. He filed proof of his marriage and delivered the certificates to the association and requested the payment of the $500 on each certificate, said proof of marriage having been filed on the 8th or 9th of February, 1930. No assessment was levied or made against the membership to pay either of said certificates that had been issued to appellee and Miss Gibson. The by-laws and constitution of the association provided that,

Spell, Naman & Howell, of Waco, for appellants.

Bryan & Maxwell, of Waco, for appellee.

BARCUS, J.

In 1928, appellant S. F. Lamb and three others organized the Matrimonial Mutual Association, an unincorporated association. Shortly thereafter S. F. Lamb and wife, G. O. Lamb, purchased the interest of his three partners in the association. S. F. Lamb testified that, after he bought out his three partners, he became the sole owner of the associa-

when a claim was filed, an assessment should be made for $1.25 and each certificate holder was required to remit within ten days after receiving notice, and the association obligated itself to pay each certificate within ninety days after a claim therefor was filed.

This suit was instituted by appellee against S. F. Lamb, G. C. Lamb, and M. L. Chandler, Jr., doing business under the name of the Matrimonial Mutual Association, for $1,000, the full amount of the two policies, appellee alleging that he had made demand for the payment thereof which had been refused, and that the owners and officers of the association had failed and refused to make a levy to pay the certificates, and further alleged that there was sufficient funds on hand in the reserve fund with which to pay same at the time he filed his claims.

Appellants, in addition to a general demurrer and general denial, alleged that no assessment was made against the membership to pay either of said certificates, because in their opinion, if an assessment had been made, it would not have been paid by reason of the fact that there was at said time a large number of claims on file for which no assessment had been levied, and that they were required to levy the assessments for the claims in the order in which they were filed, and that, if they had levied an assessment for each claim filed, it would have resulted in the disintegration and disbandment of the entire membership. S. F. Lamb further alleged that he was not personally responsible, because on May 6, 1930, he sold the entire association to M. L. Chandler, Jr., who assumed all its liabilities.

The cause was tried to the court and resulted in judgment being entered for appellee for $1,000 against S. F. Lamb and M. L. Chandler, Jr., and in favor of Mrs. Lamb, by reason of her coverture.

■ Appellants contend that the trial court entered an erroneous judgment because there was neither pleading nor proof to show that, if an assessment had been levied against the membership, it would have produced as much as $500 on each policy. They further contend that the testimony shows affirmatively that, if an assessment had been levied, it would not have produced more than $36 on each certificate or a total of $72, and that to said extent the judgment is excessive, their contention being that the burden rested upon appellee to both allege and prove the number of certificate holders and facts showing that, if an assessment had been levied, the full amount of $500 would have been collected. All of these contentions are overruled. The law seems to be well settled in this state that, in order to relieve themselves of liability for the full amount called for in a policy similar to the ones sued on here, the duty and responsibility rests upon the association to plead and prove the number of members and the amount that would have been received if an assessment had been made, where the officers charged with the duty thereof have failed or refused to levy an assessment. Ft. Worth Mutual Benevolent Ass'n v. Golden (Tex. Civ. App.) 287 S. W. 291; Supreme Council of A. L. of H. v. Anderson, 61 Tex. 296; Waco Mutual Life & Accident Ass'n v. Alford (Tex. Civ. App.) 289 S. W. 93; Sweetwater Progressive Mutual Life & Accident Ass'n v. Allison (Tex. Civ. App.) 22 S.W.(2d) 1107, and authorities there cited. While appellants did offer some evidence tending to show that there were not a thousand members in the association at the time appellee filed his claims, and that an assessment levied against the membership would have produced a very small sum of money, there was no pleading to support said testimony, and the evidence with reference thereto is very unsatisfactory as well as conflicting. It is a well-settled principle of law that there must be both pleading and evidence to support the judgment of a trial court. Since appellants admittedly failed and refused to levy the assessment on the claims filed by appellee, and since there was no pleading that in any way raised the issue that a call or assessment would not have produced the full amount thereof, it does not lie in appellants' mouths to now say that they are not responsible therefor, because in their opinion a call or assessment would not have produced or resulted in any money being paid by the membership on said claims. Appellants cannot, as they are attempting to do, make themselves the judge, jury, and executioner.

■ Appellant S. F. Lamb contends that the judgment against him is erroneous because, prior to the time appellee's claims matured, he sold all of the assets of the association to M. L. Chandler, Jr., who assumed all liabilities. At the time S. F. Lamb sold the association, appellee's claims had fully matured, and it was his duty to have levied the assessment or made the call against the certificate holders for the funds with which to pay same. While under the contract the association was not required to pay appellee the amount thereof until ninety days after the proof of marriage had been filed, it was required to make the assessment and issue the call therefor against the certificate holders, and they were required to make payment within ten days after receiving said notice, and, if the amount was not paid within twenty days, the member was automatically suspended from the association. The ninety-day period was evidently given so that the association would have time to make the call and collect in the funds and remit within said time. Appellant S. F. Lamb did not sell the association until the 6th of May. Appellee's certificates had matured, and the claims had been filed with S. F. Lamb on February 9th. It was the duty of S. F. Lamb, when

the claims were filed, to make the assessment and issue the call. He could not, by selling the association, relieve himself of obligations that had already matured.

. We have examined each of appellants' assignments of error and propositions thereunder, and same are overruled.

The judgment of the trial court is affirmed.