## STILL et al. v. BARTON et al.

### No. 1489.

Court of Civil Appeals of Texas. Waco.

Oct. 11, 1934.

Rehearing Denied Dec. 13, 1934.

F. A. Taylor and P. A. Sanders, both of Henderson, and Sleeper, Boynton & Kendall and J. A. Kibler, all of Waco, for appellants.

Thos. Y. Banks, of Tyler (R. T. Jones, of Henderson, and Geo. Cannon, of San Antonio, of counsel), for appellees.

ALEXANDER, Justice.

This is a boundary line suit originating in the district court of Rusk county brought in the form of trespass to try title to recover 15 acres of land, a part of the Meredith McCabe survey in said county, by C. C. Still and others as plaintiffs against V. H. Barton and others as defendants. The verdict of the jury was for the defendants and judgment was entered accordingly. The plaintiffs appealed.

■ The court submitted but one issue to the jury, which issue was as follows:

"From a preponderance of the evidence, which one of the two lines, numbered one and two, respectively, shown on the Exhibit 11, do you find is the true location on the ground of the Mary Ann Wilcoxon South Boundary Line?

"By line 'Number One' is meant the line designated in red ink on the plat as running 'East and West.'

"By line 'Number Two' is meant the line designated in Black ink on the plat as running 'South 81 degrees and 16 minutes East.' "

—to which the jury answered: "No. 1." The plaintiffs contend that the verdict of the jury was too uncertain and indefinite to support a judgment in favor of the defendants. Exhibit No. 11 referred to in the court's charge was introduced in evidence and is before us as a part of the statement of facts. It is a map of the land in dispute, as well as that contiguous thereto. On said map each line contended for by the respective parties hereto is plainly marked and is as definitely identified with reference to the land in the community as it was possible for skilled engineers to so identify it. Line No. 1, which was found to be the true boundary line between the parties to the suit, is shown on the map to run due east and west and parallel to and twenty-five chains from the north line of the Meredith McCabe survey. There was no dispute about the location of the north line of the McCabe survey. Said map by being referred to in the charge was made a part of such charge and the verdict must be construed in connection therewith. When it is so construed, it will be found that the jury's answer is as definite as if the jury had drawn the map and returned same with all of its marks of identification as a part of the verdict. The descriptive matter furnished by such map was sufficient to enable an officer executing a writ of possession to locate the line on the ground. The verdict of the jury was therefore sufficiently definite to support the judgment of the court. 7 Tex. Jur. 257, § 94; Billups v. Cochran, 60 Tex. Civ. App. 473, 127 S. W. 1121.

■ The plaintiffs' second contention is that the judgment is insufficient and not a final judgment because it does not dispose of the interest or claim of the plaintiffs Taylor

and Sanders. There were three plaintiffs, to wit, C. C. Still, who claimed to own the fee, and P. A. Sanders and F. A. Taylor, who claimed to own the mineral interest in the land in question. There were two defendants, Barton and Phillips. The judgment of the court, after adjudging and decreeing that line "No. 1," as shown on Exhibit No. 11 and which line was designated as running due east and west parallel to the north line of the McCabe survey and 25 chains therefrom, was the true boundary line between the parties to the suit, further decreed that said line "is hereby established as the South boundary line of the Mary Wilcoxon 200 acre homestead tract in said survey in so far as said line touches upon the property in controversy herein and forms a boundary line between the lands of plaintiff C. C. Still and the defendant V. H. Barton, the parties to this suit, and that said line 'No. 1' as shown in said map 'Exhibit 11' introduced in evidence, shall forever constitute a division line between the land of the plaintiff C. C. Still and the defendant V. H. Barton, and that the plaintiff take nothing by this suit of any land in controversy herein lying South of said line 'No. 1' as hereinabove described as against the defendants V. H. Barton and John G. Phillips, * * * and that said defendant V. H. Barton, as well as the defendant John G. Phillips be quieted in their title and possession of all land in controversy in this suit lying South of said red line, * * * and that both the defendant V. H. Barton, as well as the defendant John G. Phillips go hence without day with their costs." It will be noted that the judgment in decreeing that "the plaintiff take nothing by this suit" refers to the plaintiff in the singular. From this it is contended that the judgment does not dispose of the interest of but one of the plaintiffs, to wit, C. C. Still. The latter part of the judgment, however, quiets the title to the subject-matter of the suit in the defendants and decrees that the defendants "go hence without day." The effect of the judgment, therefore, was to deny all of the plaintiffs a right to recover the property sued for and thus disposed of all of the parties to the suit and of all issues involved therein at least by implication. 25 Tex. Jur. 370; Whitmire v. Powell, 103 Tex. 232, 125 S. W. 889; McKenzie v. Withers, 109 Tex. 255, 206 S. W. 503.

The plaintiffs' third contention is that the verdict of the jury is unsupported by the evidence and is contrary to the overwhelming weight thereof and for this reason the judgment of the trial court should be re-

versed. Much of the testimony as reflected by the statement of facts is so indefinite and uncertain that we have had great difficulty in determining what the witnesses meant. The witnesses in their testimony refer to "this line" and "that line" and a line "here" and one "there." We are unable to determine just what the witnesses meant by such evidence. However, we have carefully reviewed and weighed the evidence as best we could and have reached the conclusion that we would not be justified in setting aside the verdict of the jury on account of the error assigned.

The judgment of the trial court is affirmed.