**William Howard BROWN et ux., Appellants,**

v.

**O. D. WOODS et al., Appellees.**

**No. 3427.**

Court of Civil Appeals of Texas.

Waco.

March 14, 1957.

Walker, Baker & Altaras, James & Mahanay, R. A. Kilpatrick, Cleburne, for appellants.

Gean B. Turner, Cleburne, for appellees.

HALE, Justice.

The controlling question in this case is whether appellees, O. D. Woods and wife, properly established in the court below their asserted right to an easement across the land of appellants as a means of ingress to and egress from the land of appellees.

Appellants own approximately 68 acres which they acquired by warranty deed dated May 28, 1955 from William Sharp and others, hereafter referred to as the Sharp heirs. Immediately east of the land belonging to appellants is a county road extending in a North-South direction. Appellees, O. D. Woods and wife, own approximately 30 acres which they acquired by warranty deed dated January 15, 1951 from G. W. Kee, their land being immediately west of and contiguous to a part of the tract belonging to appellants.

Appellees alleged that they and their predecessors in title had acquired an easement by prescription to use a roadway (referred to in the evidence as Road No. 1) across the land of appellants, and in the alternative, they further alleged that they had acquired an easement to use another roadway (referred to in the evidence as Road No. 2) across the land of appellants. By appropriate pleadings, appellants interposed a general denial to the allegations of appellees and impleaded Dallas Title & Guaranty Company and the Sharp heirs in the suit, alleging that if appellees, O. D. Woods and wife, were entitled to an easement across their land, which they denied, that the Sharp heirs were liable to appellants for damages on account of the failure of the general warranty in their deed of

conveyance, and that Dallas Title & Guaranty Company was also liable to them under a policy of insurance whereby the guaranty company had obligated itself to insure appellants that they held a good and indefeasible title to the 68 acres which they had acquired from the Sharp heirs.

The case was tried before the court without a jury and resulted in judgment establishing an easement across the land of appellants, the course and distance of the same being minutely described by metes and bounds. The court also awarded recovery in favor of appellants and against the Sharp heirs, jointly and severally, for the sum of $342.84, with interest. Although the judgment recites that all parties plaintiff and defendant appeared in person and by their respective attorneys and announced ready for trial, it does not make any reference to or disposition of Dallas Title & Guaranty Company.

The trial court filed extensive findings of fact in which he found, among other things, that the passageway referred to in the evidence as Road No. 2, or the old road, had been used by appellees and their predecessors in title for more than 40 years, and thereby they had acquired an easement; and that thereafter, the passageway was changed to what was referred to in the evidence as Road No. 1, or the new road. The easement which the court granted, and described by metes and bounds in the judgment, was along the general course of what was referred to in the evidence as Road No. 1, or the new road.

Appellants say the judgment should be reversed because the trial court erred in finding that an easement along the old road formerly existed across their land for 40 years, in that the proof of the elements essential to an easement are lacking, and because there was no evidence to support the finding and judgment of the court with respect to an easement along the new road. Appellants also say the court erred in rendering judgment for a specific metes and bounds easement across their land, for

the reason that no evidence was introduced to prove that the roadway described in the judgment is the same roadway described in the pleadings.

█ After due consideration of the record before us, we have concluded that the evidence adduced upon the trial of this case, when viewed in the light of certain findings of fact made by the trial court, was insufficient to establish the existence of the essential fact elements necessary to constitute an easement, either by prescription or otherwise, on behalf of appellees to use any part of the premises of appellants as a means of ingress to and egress from the premises of appellees.

██ Among the essential qualities of a valid easement, it is necessary that there be two tenements owned by several proprietors, viz., the dominant estate to which the privilege is attached, and the servient estate on which it is imposed. There are various methods by which an easement may be created, such as by express grant, by implication (as a way of necessity), by prescription, or by estoppel. 15–B Tex.Jur. p. 260, Sec. 13 et seq. and authorities. But, regardless of the manner in which an easement may arise, it must be derived from the owner of the servient estate. Harrison v. Boring, 44 Tex. 255, 261; Gulf Sulpher Co. v. Ryman, Tex.Civ.App., 221 S.W. 310.

As the basis for the judgment appealed from, the trial court concluded that appellees and their predecessors in title had acquired an easement by prescription over the land of appellants by reason of the facts set forth in the findings. Among other things, the Court expressly found that for more than 40 years a roadway had extended from the County Road east of the 68 acres belonging to the Sharp family across the latter's land and to the land now owned by appellees; that appellees' predecessors in title had used this roadway for more than 40 years and had thereby acquired an easement over the same; that after the old roadway had been in use by

the Sharp family and the predecessors in title of appellees for more than 40 years, it was relocated along the route referred to in the testimony as the new roadway; that the new roadway had been in use for approximately eight years prior to the date of the trial; and that the new roadway took the place of the old roadway, and the use of neither roadway was objected to or contested by anyone until ten days or two weeks after the Browns had acquired the 68 acre tract from the Sharp heirs. In its supplemental findings, the Court expressly stated that it did not find that anyone at any time had granted appellees or their predecessors in title any written easement, license or way across the land of appellants; that there was no privity of ownership or any common source of title to the lands involved in this suit existing at any time between the parties hereto or their predecessors in title; and that neither appellants nor the Sharps had ever dedicated the new road or the old road as a passageway for public use, or that the same was ever recognized as a public road.

The dwelling house of the Sharp family was situated near the west boundary line of their 68 acres of land. Although the trial court found that appellees' predecessors in title and the members of the Sharp family had used the old road as a passageway from the Sharp residence to the County Road for more than 40 years, there was no finding or evidence in the case to the effect that such use by appellees' predecessors in title was adverse or hostile to any claim or right of the Sharp family to the same.

■■ As said in 28 C.J.S., Easements, § 10, p. 645: "A prescriptive right is not looked on with favor by the law, and it is essential that all of the elements of use and enjoyment, stated above, concur in order to create an easement by prescription." This court, in the case of Gill v. Pringle, Tex. Civ.App., 224 S.W.2d 525, 527 (er. ref.), quoted with approval from 15 Tex.Jur. p. 797, Sec. 24, as follows: " 'The use of a way, for example, in common with others or the

general public is not sufficient to create a prescriptive right, though the way be used for the prescriptive period. * * * If the way is also used by the owner of the land, the use is not adverse and will not give a prescriptive right. This is for the reason that same is not inconsistent with a license from the owner.' " The rule thus quoted is supported by the holdings in Sassman v. Collins, 53 Tex.Civ.App. 71, 115 S.W. 337; Texas & N. O. R. Co. v. Harvey, Tex.Civ. App., 146 S.W.2d 227. See also Bretzke v. Gode, Tex.Civ.App., 289 S.W. 111; Williams v. Kuykendall, Tex.Civ.App., 151 S.W. 629; Maricle v. Hines, Tex.Civ.App., 247 S.W.2d 611; Boles v. Red, Tex.Civ. App., 227 S.W.2d 310 (er. ref. n. r. e.); Ladies' Benevolent Society of Beaumont v. Magnolia Cemetery Co., Tex.Com.App., 288 S.W.2d 812.

■ There was no evidence introduced during the trial of the case as to any metes and bounds description of the old road, or of the new road. It appears that after the evidence was closed, and after the Court had announced its judgment and decision in favor of appellees, the Court, of its own motion, ordered a survey to be made of the new road, but there is no showing in the record as to how the surveyor secured the information which he used as a basis for making the survey, the results of which are incorporated in the judgment. We think the Court erred in rendering judgment in favor of appellees for the use of the roadway specifically described by metes and bounds, when there was neither pleading nor evidence to support such judgment. Rule 301, Texas Rules of Civil Procedure; Brient v. Bruce, 5 Tex.Civ.App. 580, 24 S.W. 35; Blalock v. Jones, Tex.Civ.App., 1 S.W.2d 400; Matrimonial Mutual Ass'n of Texas v. Rutherford, Tex.Civ.App., 41 S.W.2d 719.

From what has been said, it follows that in our opinion the judgment appealed from should be reversed and the cause remanded to the Court below for further proceedings, and it is accordingly so ordered.