## COLLINS v. POWELL. (No. 2999.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 31, 1925. Rehearing Denied Feb. 12, 1925.)

1. Injunction ☾118(2)—Petition held sufficient to support judgment enjoining encroachment on plaintiff's lot.

A petition alleging ownership in plaintiff of definitely described lot, trespass on his right of possession by defendant, and prayer for injunction, if facts therein alleged were proven, was sufficient to support judgment granting relief prayed for, where defendant did not answer, though not in form of trespass to try title.

2. Boundaries ☾43 — Treating action as boundary suit, judgment held to sufficiently designate boundary line.

In suit to enjoin adjoining landowner from continuing invasion of plaintiff's lot, even if case was a boundary suit, judgment fixing limit beyond which defendant would not be permitted to go as the line defined in official map of city held to sufficiently designate boundary line, as court must assume that with assistance of map line could be located by a surveyor.

3. Appeal and error ☾907(3)—Where no defensive plea or statement of facts filed, presumed that every material fact alleged was proved.

Where no defensive pleadings were filed, and record contains no statement of facts, on appeal from judgment for plaintiff, appellate court must assume that every material fact alleged by plaintiff was proved upon trial.

Error from District Court, Bowie County; Hugh Carney, Judge.

Original petition for injunction by J. E. Powell against Gould Collins. Judgment for plaintiff, and defendant brings error. Affirmed.

Keeney & Dalby, of Texarkana, for plaintiff in error.

King, Mahaffey & Wheeler, of Texarkana, for defendant in error.

HODGES, J. In April, 1924, the defendant in error, Powell, filed his original petition in the court below, alleging, in substance, that both he and the plaintiff in error resided in Bowie county. That he owned a lot described as follows:

"Situated in Bowie county, state of Texas, and being all of that certain lot, tract or parcel of land known and described as all of lot 9 in block 150 in Trigg's addition to the city of Texarkana, Texas, as shown by the official map of said city."

That while he, plaintiff, was in the peaceable possession of the lot, the defendant, Collins, unlawfully entered and dispossessed plaintiff of a strip seven feet wide extending along the entire north side of said lot. And that Collins removed a fence which separated the plaintiff's lot from Lot 10, then owned by Collins. He avers that the entry was over his protest and in utter disregard of his rights, and that Collins was using and would continue to use that part of the plaintiff's lot, unless restrained by a writ of injunction. He further alleged that Collins was insolvent and had prepared to permanently appropriate and use the strip of land so wrongfully taken. He concluded with a prayer for an injunction, restraining Collins from going upon any part of the lot described, which lies south of the fence which had been unlawfully removed. He also asked for general relief. Plaintiff in error was served with a citation, but made no answer.

☾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In May following, when the case was called for trial, a judgment was rendered, granting defendant in error the relief prayed for. The judgment recites that, after hearing the pleadings and the evidence, the court finds that Powell is the owner of lot 9 in block 150 of Trigg's addition to the city of Texarkana, Tex., as shown by the official map of said city, that defendant Collins is the owner of lot 10, adjacent on the north. The court further finds that, a short time prior to the institution of the suit, Collins removed a fence standing on the true dividing line between the two lots, and had appropriated a strip of land belonging to lot 9 on its north side. He concludes that the plaintiff was entitled to recover of the defendant that strip of land so unlawfully held and appropriated by Collins, and should have the injunctive relief prayed for, and rendered a decree accordingly.

Within the time prescribed by law, Collins prosecuted this writ of error. He attacks the validity of the judgment upon the ground that the pleadings are insufficient to support it.

[1] This suit is not a formal action of trespass to try title, and it was not necessary that it should have been in that form in order to present a good cause of action. The plaintiff alleged ownership of a definitely described lot of land, a trespass on his right of possession, an unlawful invasion of that right by the defendant below. He prayed specifically for an injunction restraining the defendant from continuing his unlawful molestation. If the facts stated were proven upon the trial, the defendant in error was entitled to the injunction sought, and the court granted him no more relief than might lawfully be claimed.

[2, 3] Plaintiff in error also insists that the pleadings made this a boundary suit, if it is anything, and that the judgment rendered does not definitely designate the boundary line. It is true the defendant in error alleged that the plaintiff in error owned the adjoining lot; but he did not state in his petition that there was any dispute about the location of the dividing line, or that the unlawful invasion complained of was made under any pretense of a claim of right or title by the plaintiff in error. No defensive pleadings were filed, and the record contains no statement of facts. We must therefore assume, in support of the judgment rendered, that every material fact alleged by the plaintiff below was proved upon the trial. In his judgment the court merely fixed the limits beyond which the plaintiff in error would not be permitted to go. That place was not only designated as the line where a fence recently removed had stood, but one defined in the official map of the city of Texarkana, Tex. We must as-sume, in the absence of any evidence to the contrary, that with the assistance of that map the line could be definitely located by a surveyor. For that reason, even treating this as boundary suit, the judgment was sufficient to meet all the requirements of law. The judgment will therefore be affirmed.