**WESTERN WOOD PRODUCTS CO., Inc.**
**v. BOX.**
No. 10045.

Court of Civil Appeals of Texas.
Austin.
April 30, 1952.

Holdridge & Sutton, Don S. Holdridge and John F. Sutton, Jr., San Angelo, for appellant.

Snodgrass & Smith, W. Truett Smith and Craig Porter, San Angelo, for appellee.

ARCHER, Chief 'Justice.

This suit was brought in the County Court of Tom Green County by Box for $500 alleged actual damages, and $150 attorneys' fees, for an alleged shortage of lumber sent to appellant, Western Wood, by appellee, Box, and later returned to Box. By two pleadings filed August 7, 1951, Box instead sought to recover $500 for alleged shortage of lumber and $500 as penalty under Article 1279, R.C.S., for alleged failure of Western Wood to furnish a bill of particulars on storage, and $500 as penalty under Article 1279, R.C.S., for alleged failure of Western Wood to furnish a bill of particulars on labor and $500 as penalty under Article 1278, R.C.S., for alleged failure of Western Wood to return the lumber, or a total of $2,000. Judgment was rendered for Box for $500 actual damages and $500 penalty under Article 1278, R.C.S. Western Wood was denied recovery on a counter action for $185.

The appeal is based on nine points assigned as error by the trial court.

The first three points are directed to the question of the jurisdiction of the court to enter any judgment for any amount except the original claim for actual damages.

The original petition sought recovery for $500 as actual damages and $150 as attorneys' fees and was filed June 13, 1951. On July 30, 1951 pleadings were filed in which plaintiff prayed for $2,000 as penalty. Further pleadings were filed on August 7, 1951, and a general denial to defendant's counter action by which judgment for $185 for storage and for labor incident to the handling of the lumber was filed.

Verified pleas to the jurisdiction of the court were filed by the defendant as to all amounts in excess of $1,000, as 'well as special exceptions and an answer to plaintiff's pleadings.

Upon hearing the court sustained all exceptions filed by defendant affecting the jurisdiction of the court and took no further cognizance of the allegations of plaintiff, except those contained in plaintiff's first amended original petition, and trial was had on this pleading.

We believe that the court was correct in the action taken.

When new matters are pleaded outside the jurisdictional amount of the trial court, as was done in this case, then the court should sustain the exceptions to such new matter and only retain jurisdiction of the original cause of action as pleaded in this case by plaintiff in his first amended original petition. Isbell v. Kenyon-Warner Dredging Co., 113 Tex. 528, 261 S.W. 762; Buie-Crawford Co. v. Cleburne National Bank, Tex.Civ.App., 111 S.W.2d 830.

The fourth point is that the court was in error in failing to grant a new trial because there was no evidence to support the jury's 'finding in answer to Special Issue No. 5 that the reasonable market value of the lumber was $450 per thousand board feet.

Special Issue No. 2 and the answer thereto was as follows:

"Do you find from a preponderance of the evidence that defendant agreed to net plaintiff $400.00 per thousand board feet for the mahogany lumber sent to defendant?

"Answer Yes or No. Yes."

Special Issue No. 4 and the answer thereto was as follows:

"What amount of mahogany lumber, if any, do you find from a preponderance of the evidence was not returned to plaintiff?

"Answer in board feet. 1250 board feet."

Special Issue No. 5 inquired as to the reasonable market value of the lumber in Houston, Texas, and the answer was $450 per thousand board feet.

We are of the opinion that the jury's finding that the lumber had a value of $450 per thousand board feet is not supported by the evidence, but such finding is immaterial since the judgment was not based on this value.

We believe that the measure of damages would be the alleged agreed price of $400 per thousand board feet, and such price finds support in the record and the judgment is based thereon.

The plaintiff testified that in a telephone conversation with W. R. Flocks of Western Wood Products Co., Inc, defendant, Mr. Flocks, agreed to net plaintiff $400 per one thousand board feet, and that the lumber was shipped to defendant; that he could not hear from the defendant; that he received all of the lumber back except 1250 board feet.

W. R. Flocks testified that the lumber was received but he could not sell it because the purchaser would not accept it. Further testimony was given to Mr. Flocks in support of the counterclaim for storage and handling charges, and that being unable to sell the lumber, notified Mr. Box that the price was $100 to $150 over what it would bring. Further testimony given by Mr. Flocks was that he had a purchase order for $450 per thousand board feet of which $50 would have been commission, the dif-

ference between $400 per thousand board feet and $450 per thousand board feet.

We do not believe the court was in error in submitting Special Issues Nos. 5-B and 5-C conditionally.

Special Issue No. 5-A inquired if the defendant turned over to Brown Lumber and Service Company all of the lumber received by defendant from plaintiff except that which had been returned, to which question the jury answered that it had.

Special Issue No. 5-B was conditioned on an affirmative answer to Special Issue No. 5-A, and asked if the plaintiff made a consignment of such remaining lumber to Brown Lumber and Service Company, the jury answered that it had not.

Special Issue No. 5-C was conditioned on an affirmative answer to Special Issue No. 5-A, and the question was that the plaintiff agreed to release the defendant from all claims, and the jury answered that he had not.

We recognize that generally the parties to a suit are entitled to have the issues presented by the pleadings submitted in an affirmative and unconditional way, but this is not the rule when the findings on other issues necessarily negative the defensive issues or where the evidence is insufficient to raise the defensive issue.

The evidence is not sufficient to raise the issues. W. R. Flocks testified that he arranged to have the lumber sent to the Brown Lumber & Service Company under an arrangement with Box. Brown, owner of the Company, did not testify that the lumber was in his possession under a consignment from Box, but that Western Wood Products Co., Inc., had the lumber sent to his place and was kept as a courtesy. 41 Tex.Jur. p. 1129, Sec. 286; Texas Employer's Insurance Association v. Patterson, 144 Tex. 573, 192 S.W.2d 255; Montgomery v. Gay, Tex.Civ.App., 212 S.W.2d 941.

Under points Seven, Eight, and Nine the appellant raises the question of the sufficiency of the pleadings to allege facts showing that defendant was a commission merchant, and that there was no evidence to show that defendant was a

commission merchant within the meaning of the statute involved.

We sustain these points.

Special Issue No. 7 inquired whether defendant at the time of its dealing with plaintiff pursued the business of selling goods, wares and merchandise upon consignment, and the jury answered "Yes."

Article 1274, V.A.C.S., defines commission merchant as—pursuing, or who shall pursue the business of selling produce, or goods, etc., of any kind upon consignment for a commission. Article 1278 makes provision for liability for all actual damages incurred by the consignor by reason of any violation of the provisions and in addition thereto makes provision for a penalty of not less than one hundred nor more than five hundred dollars to be recovered by the consignor in a suit for said actual damages and for said penalty.

We do not believe the evidence sustains the jury finding that the defendant was a commission merchant.

The plaintiff wrote to the defendant in September, 1949, and stated that he had on hand certain Central American mahogany of between 12,500 and 15,000 feet, and that he wished to close it out and wanted to get $400 for it and would pay reasonable handling or brokerage to defendant for his services. Further statements were made in the letter concerning other lumber among which were the following:

"If you are interested in handleing this deal and you think we coud sell a lot of this believe can get the lumber Ok. Would have to place a letter of credit for 5 or more cars to stand as logg as we wanted the lumber to come in deliveron this side before paying for it.

* * * * * *

"If you are interested and wish to go into this would be glad to have you in on the deal and specialy hope you will sell the mahogany for me as I want to clear it out."

In a letter dated July 13, 1950, written by plaintiff to defendant concerning the lumber, it was stated:

"I sent Mr. Bierbaum a list of the lumber that he might know just what was on hand for sale this was sent some time ago but so far have had no report from him of any sale that he might have made.

"I told him if could sell all in a lot to sell it for $350. per thousand if he could not sell for more than that if all sold in a lot."

And further on stated:

"Wish you would check up with Mr. Bierbaum and see what he thinks and your good judgement also and write me as to what you think can be done. I am anouous to close this lumber out. Hope you can get more and pay your self a good comision but if cant sell at $350. and will pay you what is right for your sevicies. Hope you can do this for me as soon as possible any way let me hear from you."

In a letter dated November 14, 1950, the plaintiff wrote the defendant as follows:

"If you will close this deal up and let me know how much I owe you also the storeage charges to clear the lumber and your charges for checking out the lumber will be glad to pay you all of the charges,

"I believe Litherland will take this lumber and hope we can close it out to him. After he looks at it and if he wants it and you want to call me for any thing you may call me."

The evidence viewed favorably to the plaintiff fails to show that the defendant was a commission merchant.

This was the only transaction mentioned in the record. No sale was made and all of the lumber except the claimed shortage was received back by the plaintiff. The record is that the defendant was engaged in manufacturing crates, boxes, etc., and owned a warehouse.

The judgment of the trial court is reversed and rendered in favor of appellant insofar as the judgment for $500 as a penalty is concerned; in all other respects is affirmed.

Reversed and rendered in part and in part affirmed.