In Douglas v. State, 99 Tex.Cr. 413, 269 S.W. 1041, Judge Morrow in construing Art. 694, P.C., said:

"The wording of the statute makes it plain that it was intended that one accused of violating the laws against the traffic of intoxicating liquors might be called upon to testify to facts, but if he *truthfully* discloses his connection with the offense, he is immune from prosecution * * *."

See also Messenger v. State, 81 Tex.Cr. R. 465, 198 S.W. 330.

We think the fact that a witness gave incriminating answers when required would suffice to establish immunity and the burden would be on the state to show that he did not answer truthfully.

It appears to be well settled that the legislature is vested with authority to enact a statute such as Art. 5429a, V.A.C.S., requiring a witness to answer a question which answer, but for the immunity granted the witness by the act, would tend to incriminate him. Brown v. Walker, 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819; Ex parte Muncy, 72 Tex.Cr.R. 541, 163 S.W. 29.

Whether the benefit to be derived from a legislative investigation is sufficient to justify the granting of complete immunity from prosecution to a witness who has committed a heinous crime appears to us to be a serious question. Its answer is, however, for the legislature and not the courts.

Appellant's motion for rehearing is overruled.

---

## PAGE v. S. J. KELLEY CONST. CO. et al.

### No. 12490.

Court of Civil Appeals of Texas. Galveston.

March 19, 1953.

Rehearing Denied April 16, 1953.

Bracewell & Tunks and Joe H. Reynolds, of Houston, for appellant.

Robert L. Sonfield, of Houston, for appellees.

MONTEITH, Chief Justice.

This action in regular form of trespass-to-try-title was brought by George B. Page as plaintiff in the District Court of Harris County for recovery from defendants, S. J. Kelley Construction Company, LeRoy W. Dale, Jim W. Hamilton, Houston Natural Gas Corporation and Houston Lighting & Power Company, as defendants, of the title to and possession of Lots 21, 22 and 25 to 36, inclusive, in Block 29 of Industrial Addition, an addition to the City of Houston, Harris County, Texas. The property involved was described by metes and bounds in plaintiff's pleadings.

Plaintiff claimed title to the land in controversy by both the record title and the limitation title. Plaintiff also alleged a boundary dispute with reference to the location of the north boundary line of plaintiff's property and the south boundary line of defendants' property.

The Houston Natural Gas Corporation and the Houston Lighting & Power Company were subsequently dismissed as defendants, with prejudice.

In this suit the parties will be designated as plaintiff and defendants, as they were designated in the trial court.

Defendants answered by a general denial and a plea of not guilty. They affirmatively alleged various special defenses. They also filed a cross-action in trespass-to-try-title.

In answer to special issues submitted the jury found that plaintiff had had peaceable and adverse possession of the land described by metes and bounds in plaintiff's first amended petition, cultivating, using and enjoying the same prior to the date that the defendants and those under whom they claim title had possession thereof; that plaintiff and those under whom he holds and claims title had had adverse possession of the land described by metes and bounds in plaintiff's pleadings, cultivating, using and enjoying it for a period of ten years before the commencement of the suit; that the true north boundary line of Lots 21, 22 and 25 through 36 in said Block 29 of the Industrial Addition is a line 2.85 feet north of and parallel to the blue line drawn by plaintiff's surveyor, R. A. Washburn, as being the north line of said lots; that plaintiff's south fence is south 2.85 feet of the southern boundary line of Block 29; that the present location of plaintiff's east fence is 7.95 feet west of the true eastern property line of Block 29; that the southeast corner of the alley which is to the north of plaintiff's property in Block 29 is 26.2 feet west from the center of Kirby Avenue as it is on the ground and the northeast corner of Lot 36 in Block 29; that the southeast corner of Lot 18 in Block 29 is 26.2 feet west from the center of Kirby Avenue as it is on the ground, and 15 feet north of the Northeast corner of Lot 36 in Block 29; and that the fences constructed by plaintiff did not encroach upon Lots 3, 4, 5, 6, 7 and 8 in Block 29 of Industrial Addition.

The trial court rendered judgment that neither plaintiff nor defendants take anything by their suit, for the reason stated by the court in the judgment rendered that the description of the property is insufficient to identify and locate the property, and decreed that the temporary injunction theretofore granted in the suit be in all things dissolved, and that 50% of the costs of the suit be paid by the plaintiff and 50% by the defendants.

The plaintiff in the case relies on five points of assigned error, in which he contends that the court erred in overruling his motions for judgment because the findings of the jury sufficiently located the property to support the plaintiff's limitation title. He contends that the trial court erred in entering judgment that the plaintiff take nothing because the property was sufficiently located to entitle the plaintiff to judgment on both his limitation claim and to support his record title because the findings of the jury sufficiently located the land in controversy to entitle him to judgment.

Defendants rely on ten points of assigned error, in which they contend that the trial

court erred in overruling their motion for an instructed verdict presented after both plaintiff and defendants had rested, and in submitting to the jury special issues Nos. 1 and 2, and in refusing to render judgment for defendants locating the true boundary line of Lots 3, 4, 5, 6, 7 and 8 in Block 29 of the Industrial Addition; that the trial court erred in refusing to render judgment in favor of defendants for title and possession of Lots 3, 4, 5, 6, 7 and 8 in said Block 29 in accordance with the original plat of the addition. Defendants contend that the plaintiff having failed to answer the cross-action filed by them, the allegations in said cross-action must be accepted as true and that this cause, having been tried before a jury and submitted on special issues, the verdict of the jury having been rendered, the trial court erred in rendering judgment that plaintiff and defendants take nothing.

Both parties excepted to the action of the trial court and each has duly perfected an appeal.

In the case of Humble Oil & Refining Co. v. Owings, Tex.Civ.App., 128 S.W.2d 67, 75, no writ of error history, it is held that, " 'The test of the sufficiency (in such cases as this) is as to whether the judgment so identifies the land that an officer charged with the duty of executing a writ of possession could go upon the ground and without exercising judicial functions, ascertain the locality of the line. That is, where the officer could, with the assistance of a competent surveyor, find the line by the matter set out in the judgment.' " (Citing authorities.)

In the instant case the reference objects are a railroad track, a street, an iron stake and fences. There is no question as to the location of the railroad track or of Kirby Avenue or of the location of the iron pipe or the fences called for in the field notes. An officer with the aid of a surveyor could, we think, locate these objects. The surveyor Washburn testified that in making his survey he began at a ½ inch iron pipe on the east of the right of way of Kirby Avenue.

Rule 300 of the Texas Rules of Civil Procedure holds that "Where a special verdict is rendered, * * * the court shall render judgment thereon unless set aside or a new trial is granted, or judgment is rendered notwithstanding verdict or jury finding under these rules."

The material part of Rule 301, T.R.C.P. provides that "The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity."

In the case of Chaffin v. Drane, Tex.Civ. App., 131 S.W.2d 672, 674, which involved a special issue verdict, in which there was a conflict on ultimate issues submitted, it was held that a trial court is under duty to render judgment in accordance with verdict of the jury unless a new trial is granted by the court. The court in its opinion said, "It is the duty of the trial court to render judgment in accordance with the verdict of the jury unless a new trial be granted by the court. If the trial court refuses to enter judgment under such circumstances, the performance of the duty will be enforced by mandamus. Gulf, C. & S. F. R. Co. v. Canty, 115 Tex. 537, 285 S.W. 296, 299, and cases cited therein. This opinion was expressly adopted by the Supreme Court, and has been followed in numerous cases since. In the course of the opinion Judge Powell said: 'It is the well-settled law of this State that, "when a jury renders a verdict in proper form, and responsive to the issues presented by the pleadings and submitted to them by the court, no discretionary power is vested in the court to set that verdict aside." And, it is equally well settled, in this same connection, that "the entry of a judgment upon a valid verdict involves no judicial or discretionary powers, but is simply a ministerial act, and, to enforce its performance by the district court, a writ of mandamus will issue from the Supreme Court in a proper case." ' "

In the case of Whitmore v. McNally, Tex.Civ.App., 39 S.W.2d 633, 635, which involves a boundary suit, it is said that "A judgment in a boundary case should follow the pleadings and must conform to

598

the verdict, and if there is nothing in the verdict to locate the boundary, the judgment cannot do so. It is a fundamental rule in boundary cases that the verdict and judgment should definitely fix and establish the location of the line in dispute, and ordinarily should do so with reference to some known object concerning the identity and location of which there is no controversy. 'The test of the sufficiency is as to whether the judgment so identifies the land that an officer charged with the duty of executing a writ of possession could go upon the ground and without exercising judicial functions, ascertain the locality of the line. * * *' [Citing] Jones v. Andrews, 72 Tex. 5, 9 S.W. 170; Watkins v. Hines, Tex.Civ.App., 214 S.W. 663; Billups v. Cochran, 60 Tex.Civ.App. 473, 127 S.W. 1121; Collins v. Powell, Tex.Civ.App., 268 S.W. 1031; Anderson v. Corbett, Tex.Civ. App., 287 S.W. 66, 7 Tex.Jur. 258."

In the case of Wright v. Longhorn Drilling Corporation, Tex.Civ.App., 202 S.W. 2d 285, 287, it is held that "The trial court is required to render judgment upon a special issue verdict by Rule 300 of the Rules of Civil Procedure, * * *." Continuing, the court said, "There is an additional reason for denying appellant relief. The law is well settled that the findings of a jury in answering special issues are conclusive as between the parties, and when the court has lost jurisdiction to grant a new trial or to set aside the verdict of the jury, as in this case, the verdict may be pleaded in bar to a subsequent suit by the same parties on the same cause of action."

In the case of Southern Underwriters v. Gariepy, Tex.Civ.App., 105 S.W.2d 760, 762, it was held that " 'The judgments of the Court shall conform to the verdict,' R.S. art. 2211, as amended by Acts 1931, c. 77, § 1 (Vernon's Ann.Civ.St., art. 2211), and this is a fundamental rule. 24 Texas Jurisprudence, 485, § 104 says: 'Entry of the judgment on the verdict is merely ministerial and the verdict may not be disregarded if it is responsive to the issue submitted and in proper form. While the verdict remains undisturbed, the judge is bound by it regardless of its correctness and it is immaterial that the verdict may

have arisen from erroneous instructions, or rulings or from a misinterpretation of the evidence by the jury. Nor may the court set aside the verdict in part and render judgment on that which remains. The verdict must stand or fall as a whole.' "

Under their eighth point of error defendants contend that plaintiff, having failed to answer the allegations in defendants' cross-action, the trial court erred in refusing to render judgment in their favor.

This contention cannot, we think, be sustained under Rule 82, Texas Rules of Civil Procedure which reads: "The plaintiff need not deny any special matter of defense pleaded by the defendant, but the same shall be regarded as denied unless expressly admitted."

It follows that under the authorities above cited, the judgment of the trial court must be reversed and the cause remanded.