**G. A. WALKER, Appellant,**

v.

**Herndon BEDELL et al., Appellees.**

No. 7066.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 18, 1958.

Rehearing Denied Feb. 3, 1959.

**914**

John E. Taylor, Marshall, for appellant.

Jones, Brian & Jones, Marshall, for appellees.

CHADICK, Chief Justice.

This is a suit for cancellation of a lease of real property. The trial court entered judgment cancelling the lease and this action is affirmed.

The appellees, Herndon Bedell, Valerie Herndon Bedell, and Mary Elizabeth Bedell, as plaintiff in the trial court sued the appellant, G. A. Walker as defendant in the trial court, alleging fraud in the procurement of a lease contained in a written agreement dated February 17, 1954, and failure of consideration therefor. Certain acts and representations were alleged as fraud and an oral agreement was alleged to have been made contemporaneously with the written agreement which induced the Bedells to enter into the lease contract. This oral agreement was alleged to be the moving consideration for the lease and its breach to constitute a failure of consideration. The written agreement containing the lease was attached as an exhibit to the petition. Specific performance, or in the alternative, cancellation was the relief prayed for. The appellant Walker's answer contained one special exception, entered a general denial, and pled Article 3995, Sec. IV, Vernon's Texas Civ.St., the Statute of Frauds, in reply to the appellees' suit, and by cross-action sued for rents and other indebtedness claimed by Walker against the appellee Herndon Bedell.

The trial court submitted 15 special issues, and upon the jury's answers entered a judgment cancelling the lease provision of the contract of February 17, 1954, and awarded Walker judgment against Herndon Bedell in the amount of $2,648.20.

Appellant Walker's motion for new trial contained seven assignments of error. The motion was overruled and an appeal has been perfected to this court. The record reflects that Walker's counsel in the trial court is not the same as counsel prosecuting the appeal.

Appellant's first point of error is:

"The Court erred in entering judgment cancelling the lease contract between Appellant and Appellees, because neither the pleadings nor the evidence was sufficient to support the judgment cancelling same. (Germane to paragraph V, Defendant's First Amended Motion for New Trial.)"

Appellees challenge the sufficiency of this point as being vague, general, multifarious and indefinite. Appellate court policy is to consider points despite violation of briefing rules if review on the merits can be accomplished with fairness to the parties. Lofland v. Jackson, Tex.Civ.App., 237 S.W.2d 785, wr. ref. However, this objection becomes immaterial for reasons now to be noticed.

Appellant's first point can mean only that the action of the trial court is erroneous because there is either insufficient pleadings or insufficient evidence to support the judgment. The insufficient evidence basis is first considered. The brief says the first point is germane to paragraph V of the amended motion for new trial. Quoting so much of paragraph V as is necessary to make the ruling understandable in this respect, it says, "the court erred in rendering judgment upon special issues numbers one through ten for the reasons that there is no admissible evidence to support the same for the reason that the testimony of the witness * * *" etc. From this it is seen that the assignment of error is upon "no" evidence to support the judgment, and the point is upon "insufficient" evidence. Neither in paragraph V nor elsewhere in the motion for new trial is insufficient evidence assigned as error. "No evidence" is a law question; "insufficient evidence" is a fact question. See Hall Music Co. v. Robinson, 117 Tex. 261, 1 S.W.2d 857, opinion adopted by the Supreme Court; Liberty Film Lines v. Porter, 136 Tex. 49, 146 S.W.2d 982, opinion adopted. The assignment is not germane to the point. The question of insufficiency of the evidence is not supported by the assignment and cannot be considered. Dallas Ry. & Term. Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379.

■ The second reason relied upon to sustain appellant's Point 1 is insufficiency of pleadings. One special exception was directed to the pleadings but if acted upon by the court, it was not assigned in the motion for new trial nor is it briefed.

Such complaint as is made to the inadequacy of the pleadings in the motion for new trial is made for the first time after judgment. Under Rule 90, Vernon's Ann. Texas Rules, any defect in the pleadings is waived. See Texas Osage Co-op. Royalty Pool Co. v. Kemper, Tex.Civ. App., 170 S.W.2d 849, wr. ref.; Connor v. Boyd, Tex.Civ.App., 176 S.W.2d 212, wr. ref.; Litterst v. Edmonds, Tex.Civ. App., 176 S.W.2d 342, wr. ref.; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562.

Careful examination of the remaining points has been made and they are not found to reflect error under present procedural rules. Since no error requiring reversal is shown, all points are overruled, and the judgment of the trial court is affirmed.