**J. P. WILLIS, d/b/a Willis Paint & Decorating Center, Appellant,**

v.

**S. L. EWING COMPANY, Inc., Appellee.**

No. 15852.

Court of Civil Appeals of Texas.

Dallas.

June 30, 1961.

Rehearing Denied July 28, 1961.

· Akin & Vial, and James C. Tubb, Dallas, for appellant.

John T. Boyce, Dallas, for appellee.

YOUNG, Justice.

S. L. Ewing Company, Inc., as owner had sued appellant for possession of a Victor Electric Adding Machine, or in the alternative, for its value—$225; causing writ of sequestration to issue upon execution of bond therefor, which property is now in hands of the constable. Defendant's claim was as innocent purchaser of the machine, and for judgment to such effect, also claiming damages for wrongful sequestration, actual and exemplary. At close of testimony and upon the court's peremptory instruction, a judgment for defendant was rendered from which this appeal is prosecuted.

■ Appellant's single point involves the court's peremptory ruling adverse to him; and in passing thereon, it is, of course, our duty to consider the evidence as a whole; viewing all reasonable inferences and deductions that may properly be drawn therefrom in a light most favorable to the contention of the losing party. Farmers Gin Co. v. Texas Electric Ry. Co., Tex. Civ.App., 232 S.W.2d 890. If the record on appeal reflects any testimony of probative force in favor of the losing party, we must hold the instruction improper. Bynum v. Peoples State Bank of Turkey, Tex.Civ. App., 243 S.W.2d 190. We will therefore indulge in a rather detailed résumé of material testimony on behalf of defendant.

· It is not disputed that Glenn White was an employee of plaintiff company on a commission basis, when, about December 3, 1959, through manager Craig it had entrusted him with the Victor machine in question, with authority to offer it for sale to the Willis Paint & Decorating Center either for cash or terms, any deal to be reported back to seller for confirmation. Earlier (in October or November 1959) defendant Willis had a casual acquaintance with Glenn White who claimed to be an accountant; the latter visiting Willis at his paint shop, offering for sale an electric adding machine stating it to be the property of a bankrupt concern, priced at $145 by "the Government". This first machine remained in the store of Willis a few days; arrangements then being made for a sale to White for merchandise, custom-made picture frames, paints, arts supplies, etc. This property continued in use by the store for about six weeks, with credit of merchandise of around $75 represented by "hot checks" previously given Willis by White for merchandise, which the latter said could be applied on amount of purchase price. Willis testified that Glenn White then told him that the price of this first machine had been raised to $175 which Willis said he could not afford to pay; White bringing to the store his "personal" machine (the one in controversy) priced at $125 which was substituted for the first machine, carried away by White. Willis stated that about the middle of January, 1960 he was called by Craig, plaintiff's manager, who asked about the second machine, saying that it was the property·

of S. L. Ewing, Inc., demanding its return. On refusal of possession by Willis unless reimbursed for the amounts paid in the transaction (merchandise and cash) the instant suit was filed, together with sequestration proceedings. Willis further testified that he had not known even of the existence of plaintiff company until the 'phone call by Craig. He had then paid on the machine the $75 of hot checks taken up by him, representing merchandise and two cash amounts of $10 each, paid to Mrs. Glenn White; not remembering whether said cash was before or after delivery of the Victor machine. At time of trial, the whereabouts of this Glenn White was unknown.

 We agree with appellant that the rule stated in Seigal v. Warrick, Tex.Civ. App., 214 S.W.2d 883, 884 is controlling of the facts above presented. "It is a fundamental principle of law that no one can be divested of his property without his consent. One who buys property from a person who neither owns it nor is authorized by the owner to sell it receives no title, even though he is a purchaser in good faith. *However, as a limitation upon the rule of law, where the real owner, by some act or conduct, vests the possession and right to personal property apparently in the seller, he thereby estops himself from setting up a claim to the property as against the purchaser for value without notice.*" (Emphasis ours.) See also Posey v. Adam Schaaf Co., Tex.Civ.App., 189 S. W. 977; headnotes 1 and 2 holding: "Where plaintiff, the manufacturer of pianos, shipped them on consignment to an agent, authorizing him to sell for cash or on credit, reserving only the right to retake possession, if he failed to sell in 90 days or to pay the invoice price, a purchaser for value without notice of the principal's rights obtained title as against the principal. * * * In such case the consideration paid need only be valuable, and not necessarily adequate, so that a purchaser's release of a mortgage on a piano executed to him by the agent would be a valuable consideration."

On the other hand, appellee strongly argues, as a matter of law, that appellant has failed to prove himself within above emphasized rule, with special reference to adequacy of consideration (pre-existing debt and cash); but under the settled rule as stated in Maryland Casualty Co. v. Morua, Tex.Civ.App., 180 S.W.2d 194, writ refused, that if an issue of fact is raised by the evidence, it must go to the jury, even though a verdict based on such evidence may have to be set aside as not supported by sufficient evidence. See also Wood v. American Security Life Ins. Co., Tex.Civ.App., 304 S.W.2d 559.

The judgment under review must be reversed and the cause remanded to the trial court.