**Eugenia B. JAMES, Appellant,**

v.

**W. W. BUTLER, Appellee.**

**No. 6388.**

Court of Civil Appeals of Texas.

Beaumont.

Sept. 7, 1961.

Rehearing Denied Oct. 11, 1961.

James E. Faulkner, Coldsprings, for appellant.

Robert F. Atkins, Coldsprings, for appellee.

McNEILL, Justice.

Appellant Eugenia B. James brought this suit in trespass to try title against appellee W. W. Butler, to recover a ½ acre of land situated in the Point Blank Community in San Jacinto County. In addition to the formal allegations to try title, she pleaded title by adverse possession under the 3, 5, 10 and 25 year statutes of limitation. Included also was a count for damages because of interference by appellee with a contract of lease appellant had made as lessor with third parties leasing the premises involved. Appellee answered by pleas of not guilty, general denial and adverse possession under the various statutes, and filed cross-action for the land as well. The cause was heard to a jury but at close of the evidence defendant's motion for instructed verdict was granted with judgment in his favor following; thus this appeal.

Appellant challenges the action of the court in sustaining said motion on the following grounds: (1) She showed record title to the ½ acre; (2) she sufficiently raised the issues of adverse possession for submission to the jury under the 3, 5 and 10 year statutes. Having examined these contentions in the light of the record, the court below was undoubtedly correct in taking the case from the jury and rendering judgment for appellee. We think this will be demonstrated in the discussion that follows because appellant failed to identify on the ground the ½ acre sued for.

In order to recover judgment for a tract of land it must be described, or furnish the means by which it may be described, with reasonable certainty, 19 Tex. Jur.2d 422. Or as stated in Page v. S. J. Kelley Const. Co., Tex.Civ.App., 256 S.W. 2d 595, the judgment must so describe the land as that an officer executing a writ of possession thereunder could, with the aid of a competent surveyor, find the boundaries of the land. Bear this principle in mind with what follows. The only description of the tract appellant sued for is found in a deed offered in evidence by appellant, which was admitted by the court for claim under her pleas of limitation only. The deed was dated December 2, 1893, and was from H. W. Robinson, grantor, to William Robinson, grantee. The land is described therein as follows: "* * * situated in the town of Point Blank and part of the league of land titled to Ralph McGee situated in San Jacinto County and more particular described by metes and bounds as follows: Beginning on the West Margin of Main Street near the North East corner of H. W. Robinson's store house—Thence S 45 W 53%10 Varas a stake for corner from which a pine 12″ dia brs N 35° E 5 vrs—Thence S 45 E 53%10 varas to a stake from which a pine 4″ dia brs East 1½10 varas and a cedar 3″ brs S 4° E 4 varas— Thence N 45° E 53%10 varas to a stake from which a pine 4″ dia brs S 5° W 4%10 Varas and a cedar brs S 4½° E 6%10 varas— Thence N 45° W 53%10 varas to the place of beginning—Containing one half (½) acres of land—bearing trees all marked X̲."

No witness could identify with any certainty the location of old "Main Street" used in this description for memory of it had faded into the past, nor could the location of the old "H. W. Robinson's store house" called for in the deed be located with any certainty as the building had long since disappeared. Appellant, who was born in 1904, testified about two stores, the old H. W. Robinson store and the Todd Robinson store. The best that she could do to locate them was that the Todd Robinson store was "kind of—I guess kind of northwest" from the old H. W. Robinson store, and that would put the old Todd Robinson store practically north of where the old W.O.W. building stood, "in the vicinity of North", across Highway 190, if the Todd Robinson store had still been there. She could not give the distances between the old Todd and H. W. Robinson's stores but she stated "It wasn't very far." She stated further that she did not know the H. W. Robinson store except "by reputation" and did not know whether it had been torn down, moved, or burned up. The location of the old W.O.W. building, which she mentioned, was well known by the several witnesses, but it had been torn down in 1955 or 1956. The testimony of appellant is clearly insufficient to locate any corner or line of the ½ acre. While she said the Todd Robinson store was "in the vicinity of north" of the W.O.W. Hall—how far north is not known; and the Todd Robinson store was "kind of—I guess kind of northwest" of the H. W. Robinson store. Although she did not know the distance between the two stores "It wasn't very far." The mere mention of such indefinite testimony illustrates its inadequacy. Heirs of Barrow v. Champion Paper & Fibre Co., Tex.Civ. App., 327 S.W.2d 338 (9). A map of 54.2 acres surrounding and including the tract at issue is in evidence. It shows the Huntsville-Livingston Road (Highway 190) runs on a course N. 76 W. and a graded dirt road known as the Lee Walker Road runs into the highway from the south on course of N. 19 E. and ends at this highway. Appellant testified the ½ acre lies in between the dirt road and Huntsville Highway. But how a ½ acre in shape of a square, as described in the above deed, the corners of which lay halfway between the cardinal points of the compass, would fit in the corner made by the roads was not explained, nor was any corner or line of the ½ acre identified.

Originally appellee owned the tract of 54.2 acres, above referred to, which included the disputed ½ acre. He sold off from time to time several small tracts, so that at the time of the trial below he owned 39.6 acres. He placed S. L. McAdams, a registered surveyor of 20 years experience, on the stand. He testified that he had surveyed the boundaries of the 54.2 acres and had run out the lines of the tracts sold therefrom and there was left a residue of 39.6 acres, including the disputed area. He prepared the map in evidence from this work. The surveyor also testified that at appellee's request he had examined the field notes in the H. W. Robinson deed, upon which appellant relies for description of the ½ acre, and had attempted to locate such a tract but could not. We quote the following excerpt of his testimony:

"Q. Did you attempt to locate that half acre upon the ground, Mr. McAdams? A. I certainly did. Yes, sir.

"Q. And did you locate that upon the ground? A. No, sir, I did not, and I made a very diligent search.

"Q. Now, Mr. McAdams, I believe the description of that says: 'Beginning on the west margin of the main street in Point Blank near the northeast corner of H. W. Robinson's old store house.' Were you able to locate H. W. Robinson's old store house? A. No, sir, I didn't—I was not able to locate it.

"Q. Mr. McAdams, in locating the land, what would this beginning 'near the northeast corner,' how far would

that be, sir? A. Well, that would be what we call a rubber description. You can stretch that a short ways or a long ways. There's no definite starting point to it.

"Q. In other words, you can't pinpoint it on the ground where that half acre started? A. No, sir, you certainly can't."

He further stated he was unable to locate the old "Main Street" referred to in the deed and could find no bearing trees called for, nor any other evidence by which he could locate the ½ acre described.

In view of the total lack of identity upon the ground of the tract sued for, the district court's judgment must be affirmed.