Opinion approved by the Court.

**J. P. SPARR et ux., Appellants,**

v.

**Angie LONGAKER et vir, Appellees.**

No. 10920.

Court of Civil Appeals of Texas.

Austin.

Jan. 10, 1962.

Burnett & Burnett, Sinton, for appellants.

William E. Nicholas, Sinton, for appellees.

ARCHER, Chief Justice.

This is a trespass to try title suit brought by appellees as plaintiffs to a small tract

of land in Portland, Texas, against appellants as defendants, and upon trial before the Court with a jury, judgment was entered for plaintiffs and it is from this judgment that the appeal is taken.

The appeal is based on eleven points and are directed to the lack of evidence to support the Court's finding that there was no peaceable and adverse possession by defendant for any ten-year period between 1947 and the time the suit was filed, and no evidence to support the Court's findings that the defendants failed to prove peaceable and adverse possession, occupancy, use or enjoyment of the land under the ten-year statute of limitation, or under any statute of limitation, because unsupported by the evidence; that the findings of no adverse possession or use for any ten-year period between 1947 and the time the suit was filed because such finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust; that the finding that the defendants' admitted failure to use and enjoy all of the land and their failure to identify the portion of the land claimed is unsupported by the evidence, and contrary to the great weight and preponderance of the evidence.

This suit involves a small tract of land that was once a part of Houston Street in Portland, San Patricio County, Texas. Prior to the incorporation of Portland the Commissioners' Court closed a part of Houston Street on June 9, 1947.

The Court made findings of facts and conclusions of law and we believe that such findings are reasonably supported in the record.

The only contested issue in the Trial Court was the defensive claim of title by limitation under the ten-year statute.

The defendants answered by a plea of not guilty and on allegation that the plaintiffs' cause of action, if any they had, accrued more than ten years before the commencement of the suit, but defendants did not allege any adverse possession, use and occupancy. Plaintiffs take the position that such pleading is insufficient to constitute an assertion of title under the statute and objected to the introduction of any testimony and the Court found that appellants failed to prove a limitation title and rendered judgment for the appellees. We believe the Court was justified in finding as it did in this case.

There was testimony as to appellants beginning to clear the property immediately after acquiring it from O'Daniel. Appellants did not acquire the property from anyone but did get a bill of sale from O'Daniel for a frame six-room house and outbuildings adjacent to the right of way of the S. A. Railroad.

The improvements were built almost entirely on Lots 13 and 14, Block B–7, and extended only 3 feet from the east line of Houston Street into the street. The west one half of Houston Street is the property involved in the suit. Houston Street is 80 feet wide and no improvements were ever placed on the west one half of the street.

In order to establish limitation title under the 10-year statute, the appellants' possession must be added to a period of possession by Holmes, who did not testify that he was making any claim to the property.

■ As was held by the Supreme Court in Nona Mills Co. v. Wright et al., 101 Tex. 14, 102 S.W. 1118:

"To constitute adverse possession, the party occupying the land must in some way appropriate the land for some purpose to which it is adapted. Mere occupancy of land without any evidence of an intention to appropriate it will not support the statute of limitation. * * The possession to be adverse must be of that character which would notify the owner of the intention of the occupant of the land to appropriate it to his own use."

Heard et al v. State et al, 146 Tex. 139, 204 S.W.2d 344.

 The testimony of appellant J. P. Sparr as to the use, claim and possession of the property does not meet the test as set out in the cases.

The Trial Court saw the witnesses and heard the testimony and resolved the fact issues against appellant and was, we believe, justified in doing so, and we believe that the finding on disputed issues of fact are binding on a reviewing Court.

Padilla v. Texas Employers' Insurance Association, Tex.Civ.App., 343 S.W.2d 473.

The appellants failed to identify the portion of the property which they claimed with reasonable certainty.

19 Tex.Jur.2d 422, Page v. S. J. Kelley Construction Co., Tex.Civ.App., 256 S.W. 2d 595, error ref., N.R.E.; James v. Butler, Tex.Civ.App., 350 S.W.2d 376.

The judgment of the Trial Court is affirmed.

Affirmed.