Charles COOK, Appellant,

v.

E. H. JAYNES, Appellee.

No. 16110.

Court of Civil Appeals of Texas.

Dallas.

Feb. 21, 1963.

Rehearing Denied March 15, 1963.

Jay S. Fichtner, Dallas, for appellant.

Matthews, Payne, Sands & Benners, Fred H. Benners, Dallas, for appellee.

BATEMAN, Justice.

Appellee brought this suit in one of the County Courts at Law of Dallas County for title and possession of a boat, an outboard motor and a boat trailer, all of the alleged total value of $500. Appellant contended that he was an innocent purchaser for value of the boat and equipment from one L. W. Schell. The court rendered summary judgment in favor of appellee.

We should first dispose of appellant's challenge to the jurisdiction of the trial court. In his amended petition appellee again sued for title and possession of the same personal property, again alleging its value to be $500., and also for the first time sued for actual damages of $150. for depreciation in value of the property, $150. for loss of use of the property, $600. for exemplary damages, and $300. attorney's fees, thus putting into controversy a total value of $1,700., which appellant asserts is $700. more than the maximum jurisdictional limit authorized for county courts by the Texas Constitution, Art. 5, Sec. 16. Vernon's Ann.St. However, in his amended petition appellee brought forward the only cause of action asserted in his original petition; i. e., the suit for title and possession of the boat, motor and trailer valued at $500. An almost identical situation was disclosed by the certified question answered by the Commission of Appeals in Isbell v. Kenyon-Warner Dredging Co., 113 Tex. 528, 261 S.W. 762, 763, wherein it was held that where the amended petition repeats the allegations of the first or original petition, which alleged a cause of action clearly within the jurisdiction of the County Court, the fact that the amended petition also alleged damages in an amount exceeding the jurisdictional limit of $1,000. did not deprive the court of jurisdiction over the old suit. The Isbell case has been cited with approval by the Supreme Court in Haginas v. Malbis Memorial Foundation, Tex., 354 S.W.2d 368, 371; and by Courts of Civil Appeals in Sellers v. Spiller, Tex.Civ.App., 64 S.W.2d 1049, 1052, no wr. hist., and Western Wood Products v. Box, Tex.Civ. App., 248 S.W.2d 974, 975, no wr. hist. Accordingly we hold that the trial court was not without jurisdiction to dispose of the case.

We next consider whether the appellee has met the burden of establishing conclusively that there are no genuine issues as to material facts and that he was entitled to judgment for title and possession of the property as a matter of law. He assumed this burden by moving for summary judgment under Rule 166–A Vernon's Texas R.C.P. Lesikar v. Lesikar, Tex.Civ.App., 251 S.W.2d 555, 559, err. ref. n. r. e., and Gulbenkian v. Penn, 151 Tex. 412, 252 S.W. 2d 929. Appellant contends this burden was not met in two particulars: (1) in that there were fact issues on the question of whether appellee was estopped to deny that Schell had actual or apparent authority to sell the property to appellant; and (2) in that fact issues were raised "as to unjust enrichment of appellee" by reason of labor and material expended by appellant in working on the property, which he alleges added $225. to its value, and for which he sued appellee by counterclaim.

Appellee's motion for summary judgment was sufficient to show *prima facie* that he owned the property, but it also sets out that he delivered it to a repairman

for repairs and that the repairman delivered it to L. W. Schell "for storage and safe-keeping pending Plaintiff's determination of what disposition he would make of" it. He does not say this was done without his knowledge or consent. On the other hand, appellant alleged that appellee placed the property with Schell for sale, thereby making Schell his real or apparent agent for that purpose, and was estopped from complaining of Schell's sale to appellant. Appellant also filed his own affidavit to the effect that prior to the filing of this suit he had several conversations with appellee in which appellee stated that he had sent the property to Schell for the purpose of selling the same.

Appellant's point of error, if taken literally, would restrict the inquiry to the question of whether there was a genuine fact issue as to whether appellee made Schell his *apparent* agent with *apparent* authority to sell the property. If we were convinced that this was the extent of appellant's contention, we would be compelled to overrule the point because it clearly appears from his answer to the motion for summary judgment and the contract between him and Schell that he dealt with Schell, not as appellant's agent, but as a principal who was *apparently* the owner of the property. 2 Am.Jur. 85, AGENCY, § 103; Essex County Acceptance Corp. v. Pierce-Arrow Sales Co., 288 Mass. 270, 192 N.E. 604, 95 A.L.R. 1314.

But we are enjoined to construe the rules of procedure liberally to the end that justice may be achieved. Rules 1, 418(b) and 422, Vernon's Texas R.C.P.; Walker v. Bedell, Tex.Civ.App., 320 S.W.2d 913; Dial Temp Air Conditioning Co. v. Faulhaber, Tex.Civ.App., 340 S.W.2d 82, err. ref. n. r. e. It seems clear to us from a study of the point and the statement, argument and authorities under it that appellant is contending that his pleadings and affidavit raised an issue of fact as to whether appellee *actually* placed the property with Schell, with *actual* authority to sell it, or that appellee is estopped from denying such *actual* authority

in that appellee so handled the matter, or permitted it to be handled, as to lead prospective purchasers such as appellant to believe that Schell was fully authorized to sell either as owner or as agent, and that his authority was *apparent* (in the sense of being obvious). Willis v. S. L. Ewing Co., Tex.Civ.App., 348 S.W.2d 415, no wr. hist.; Posey v. Adam Schaaf Co., Tex.Civ.App., 189 S.W. 977, no wr. hist.; Scruggs v. Crockett Automobile Co., Tex.Civ.App., 41 S.W.2d 509, err. dis. We are of the opinion that appellee failed to meet the burden of showing the contrary.

Appellant also says that the summary judgment was incorrect because of some slight discrepancy in the description of the property as contained in appellee's petition and in appellant's conditional sale contract; but as the case is being remanded for trial we leave that matter to be determined by the trial court.

We make the same disposition of appellant's point that the summary judgment should not have been granted until appellant's special exceptions had been acted upon. We agree that the proper, orderly manner for trial courts to dispose of such matters is to pass on objections to pleadings before rendering judgment, but there is nothing in this record to indicate that appellant called these exceptions to the trial court's attention or requested action thereon. If he did not do so, the exceptions were waived. Rule 90, Vernon's Texas R.C.P.

■ Appellant's fourth point asserts that the summary judgment should be reversed, first, because appellee failed to answer the counterclaim, and, second, because fact issues are raised "as to unjust enrichment of appellee." The lack of answer to the counterclaim could not in itself prevent rendition of judgment against appellant thereon. Page v. S. J. Kelley Const. Co., Tex.Civ.App., 256 S.W.2d 595, 598. Rule 82, Vernon's Texas R.C.P.

■ We understand the point of "unjust enrichment" to be that as appellant alleged

in his amended answer that he had added $225. to the value of the property by his labors and material furnished in good faith, it was unjust or improper for the court to award title and possession to appellee without compensation of some sort to appellant; that under the doctrine of accession he was entitled to a trial in which he would have the opportunity to prove, if he can, that in good faith, believing himself to be the owner thereof, he added substantially to the value of the property. Under the law of accession, such proof would entitle appellant to the property; but if appellee is shown to have been the owner, and not estopped to assert such ownership, he would be entitled to a judgment against appellant in an amount equal to the value of the property at the time appellant took possession of it. 1 Tex.Jur.2d 203, ACCESSION.

Upon a trial of the case the burden would of course be on appellant to prove the facts alleged in this respect, but appellee, as movant for summary judgment under Rule 166–A Vernon's Texas R.C.P., must be held to have assumed the burden of proving that there is no genuine issue of fact on this point raised by the pleadings. Appellee made no showing whatever in this respect. Therefore, appellant's fourth point is sustained.

Reversed and remanded.

## ON MOTION FOR REHEARING

In a vigorous motion for rehearing appellee presents: (1) that since appellant did not plead the affirmative defense of estoppel, no issue of estoppel was raised either in the trial court or in this Court and therefore does not constitute a subject for consideration by this Court; (2) that since appellant raised no issue in the court below regarding the identity of the property involved, the issue of identity is likewise not subject to consideration by this Court; (3) that since appellant's special exceptions had no bearing on the summary proceedings and were not timely presented, they were waived; and (4) that appellant did not seek recovery

under the doctrine of accession and, since appellee's affidavit establishing "recorded ownership" of the property in question was uncontroverted, appellant is charged with notice thereof and was precluded from any recovery under the doctrine of accession as a matter of law.

On the first ground appellee is mistaken, because appellant did plead estoppel affirmatively in paragraph XI of his First Amended Original Answer and Cross-Action.

The second ground, we think, was properly disposed of in our original opinion. This relates to the discrepancy in the description of the property, or the matter of its identity, which we held should be left for determination by the trial court on a trial of the case on its merits.

We agree with what appellee says on the third ground for rehearing, concerning the matter of special exceptions contained in appellant's pleadings.

■ He says in his motion for rehearing, as we do in our original opinion, that if the exceptions were not timely presented in the trial court they were waived. However, our reversal was not based in any degree on the failure of the trial court to pass on the exception before considering and granting the motion for summary judgment.

■ On the fourth ground appellee says that appellant did not seek recovery on his counterclaim under the doctrine of accession, but that whether the claim he considered as founded on "unjust enrichment" or "accession", neither doctrine is applicable because appellant is charged with notice of appellee's ownership. This is based on the allegations in the verified motion for summary judgment that, prior to appellant's purchase from Schell, appellee had sold the property to one Henry Bell who had given appellee a chattel mortgage thereon to secure part of the purchase price; that the registration of such chattel mortgage "reflected that E. H. Jaynes was the owner of the property described therein." Although

**650**

appellee also alleged in his said motion that Bell had "reassigned" the property to him prior to appellant's purchase from Schell, he says the chattel mortgage was still "in effect and had not been released," and was constructive notice to appellant of appellee's ownership. We cannot agree with this theory. If appellant had purchased the property from Henry Bell, then we would agree that appellant would be charged with notice of appellee's lien, but when Bell reassigned the property to appellee the chattel mortgage became *functus officio* and was not notice to appellant of anything. No copy of the chattel mortgage is attached to the motion for summary judgment, but we think we may safely assume that it described Bell, not appellee, as the owner; and since Bell was not a party to the transaction here involved, his chattel mortgage to appellee did not put appellant on notice of appellee's ownership. Walker v. Security Loan Inv. Co., Tex.Civ.App., 259 S.W.2d 599, err. ref. n. r. e.; Rhea Mortgage Co. v. Lemmerman, Tex.Comm.App., 10 S.W.2d 690. Even if it could be said to have that effect, there remained the fact issue as to whether Schell had actual or apparent authority to sell the property.

The motion for rehearing is overruled.