**Beatrice T. CANTU, Appellant,**

**v.**

**J. WEINGARTEN'S, INC., Appellee.**

**No. 17892.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 19, 1981.

Rehearing Denied April 2, 1981.

Bruce L. Jamison, Houston, for appellant.

Susan A. Ohsfeldt, Vinson & Elkins, Houston, for appellee.

Before EVANS, WARREN and DOYLE, JJ.

EVANS, Justice.

This is an appeal from an order of the County Court at Law dismissing the plaintiff's suit for want of subject matter jurisdiction. The sole question is whether the filing of an amended original petition, which increased the total amount of claimed damages beyond the court's jurisdictional limit, deprived that court of jurisdiction.

The plaintiff's original petition generally alleged that the plaintiff had suffered personal injury damages "greatly exceeding the minimum jurisdictional limits of" the County Court at Law. In response to special exceptions, the plaintiff filed a first amended original petition, stating therein that her damages at the time of filing suit were in the amount of $4,500 but that she had been "steadily accruing additional damages consisting of continuous pain and suffering, mental anguish, and medical expenses which are now in excess of seventy five hundred ($7,500) dollars." The defendant then filed a plea to the jurisdiction, claiming that the amount in controversy exceeded the court's jurisdictional limit of $5,000.00 as set by Tex.Rev.Civ.Stat.Ann. art. 1970a, and upon such plea the trial court ordered the plaintiff's cause dismissed.

█ A trial court may enter judgment in excess of its jurisdictional limit where the original amount of damages sought is within the jurisdictional limit of the court and the plaintiff, by subsequent amendment, seeks only additional damages that are accruing because of the passage of time. *Flynt v. Garcia*, 587 S.W.2d 109 (Tex.1979). In the absence of pleading and proof that the allegations in a plaintiff's original petition have been made fraudulently or in bad faith, the fact that the plaintiff's amended petition alleges damages in excess of the court's jurisdictional limit does not necessarily deprive the court of its jurisdiction over the case. *Isbell v. Kenyon-Warner Dredging Co.*, 113 Tex. 528, 261 S.W. 762 (1924); *Cook v. Jaynes*, 366 S.W.2d 646 (Tex.Civ.App.—Dallas 1963, no writ).

█ The County Court at Law acquired jurisdiction over the case when plaintiff's original petition was filed in that court. Because defendant offered no proof that the allegations in plaintiff's original petition were made fraudulently or in bad faith, the trial court did not lose jurisdiction over the case when plaintiff's amended petition alleged the increase in damages.

The judgment of the trial court is reversed, and the plaintiff's cause is ordered reinstated.